| iYELVERTON, Judge.
Defendant, Kenneth Wayne Holleman, 46 years old, was charged with one count of simple robbery, in violation of La.R.S. 14:65, and two counts of attempted simple kidnapping, in violation of La.R.S. 14:27 and La.R.S. 14:45. Simple robbery provides a maximum imprisonment of seven years. The other two charged offenses, together, exposed the defendant to a maximum imprisonment of |2five years. He pleaded guilty under a plea bargain to the simple robbery charge, and the attempted simple kidnapping charges were dismissed. After considering a lengthy pre-sentence investigation report, the trial court sentenced defendant to seven years at hard labor. Defendant appeals alleging two assignments of error.

ERRORS PATENT:

Defendant was not advised of the three year prescriptive period in which to file for post conviction relief. The trial court is directed to inform defendant of the provisions of Article 930.8 by sending appropriate written notice to him within ten days of the rendition of this opinion, and to file written proof in the record that defendant received the notice.

ASSIGNMENTS OF ERROR NOS. 1 and 2:

By defendant’s first assignment of error, he argues that the trial court erred by departing from the guideline range of recommended sentences without sufficient or adequate reasons. His second assignment is that the trial court gave excessive weight to defendant’s criminal history, effectively double counting uncharged conduct and leading to a sentence which was excessive, did not consider mitigation, and looked at ex post facto provisions of law as justifying the sentence imposed. Defendant combined the assignments for argument and our opinion will do the same.
In a recent opinion, State v. Smith, 93-402 (La. 7/5/94); 639 So.2d 237, 240, the Louisiana Supreme Court held:
(1) while a trial judge must consider the Guidelines, he has complete discretion to reject the Guidelines and impose | sany sentence which is not constitutionally excessive, but is within the statutory sentencing range for the crime of which a defendant has been convicted, so long as he states for the record the considerations taken into account and the factual basis for imposition of that sentence, La.Code Cr.P. art. 894.1; and (2) where the trial judge has considered the Guidelines and imposed a sentence, adequately stating for the record the considerations taken into account and the factual basis for imposition of that sentence, an appellate court is limited to a review of the sentence imposed for constitutional excessiveness, without regard as to whether the trial judge either employed *150 or deviated from the Guidelines. (Footnote omitted).
In stating for the record the considerations taken into account and the factual basis for imposition of the sentence, the trial judge noted the following, in pertinent part:
THE COURT:
Okay. Mr. Holleman, it’s my job to sentence you for pleaing [sic] guilty to simple robbery. It’s your first felony offense in mitigation. Also in mitigation you have mental problems. You have had a good past before that concerning your service in Vietnam and in the Marine Corps. I’m not taking anything away from you for doing that or your service as a city police officer. However, since that time you have had some problems that have caused problems to other people. In this situation, you received a substantial benefit from a plea bargain.
You were charged with attempted kidnapping involving a 12-year-old girl that was on her way back from school that for some reason you said there was some way you |4found that you wished to pick up women and were calling her like your dog and talking to the crossing guard and pulling at her saying, “Let my dog loose,” and that sort of thing. It caused quite a bit of trauma to this young girl and still does continue to cause her a lot of problems. That’s an aggravating circumstance, the youth of the offender plus the fact that you received the benefit from the plea bargain.
In this case there were two victims; one, the kidnapping and the other one, the robbery. Both were young women. One was only 12 at the time of the offense. And that was dismissed, but I can still consider the benefit of the plea bargaining in sentencing you.
According to the presentence and the people that were interviewed, your ex-wife, your ex-fellow police officers consider you to be a danger to human life. Also you do deny guilt even though you pled guilty. You have not come to terms with your offense. There was also another alleged attempted kidnapping of another victim, Penny Fletcher, in your record.
I feel that this behavior that you did, particularly with the 12-year-old girl, is very reprehensible. I feel that a departing upward from the sentencing guidelines is justified in light of the circumstances, and I feel anything other than a maximum sentence would deprecate the | ^seriousness of the offense and the problems that you have, and I will order that you serve seven years at hard labor.
In State v. Stein, 611 So.2d 800, 801 (La. App. 3 Cir.1992), this court stated: “[t]he trial court need not refer to every aggravating and mitigating circumstance in order to comply with the article. However, the record must affirmatively reflect that adequate consideration was given to the codal guidelines in particularizing the defendant’s sentence.”
In State v. Pontiff, 604 So.2d 71, 76 (La. App. 3 Cir.1992), this court stated: “[t]he sentencing court need not articulate every circumstance or read through a checklist of items to comply with the requirements of Art. 894.1.”
The trial judge sufficiently stated the considerations taken into account and the factual basis for imposition of the sentence. He also considered several mitigating circumstances. He considered the guidelines. What remains for us to review, therefore, is whether the sentence imposed was constitutionally excessive.
Article 1, § 20 of the Louisiana Constitution of 1974, prohibits “cruel, excessive, or unusual punishment.” A sentence which falls within the statutory limits may nevertheless be excessive under the circumstances. State v. Sepulvado, 367 So.2d 762 (La.1979); State v. Naquin, 527 So.2d 601 (La.App. 3 Cir.1988). To constitute an excessive sentence this court must find that the penalty is so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and, therefore, is nothing more than needless imposition of pain and suffering. State v. Campbell, 404 So.2d 1205 (La.1981); State v. Everett, 530 So.2d 615 (La.App. 3 Cir.1988), writ denied, 536 So.2d 1233 (La.1989). The trial judge is given wide | ¡¡discretion in impos *151 ing a sentence, and a sentence imposed within the statutory limits will not be deemed excessive in the absence of manifest abuse of discretion. State v. Howard, 414 So.2d 1210, 1217 (La.1982).
La.R.S. 14:65 provides in pertinent part:
Whoever commits the crime of simple robbery shall be fined not more than three thousand dollars, imprisoned with or without hard labor for not more than seven years, or both.
For the crime of simple robbery, the only offense to which he pleaded guilty, defendant was sentenced to seven years at hard labor, the maximum. The trial judge noted that he was a first felony offender. The trial judge also noted that he substantially benefitted from a plea bargain. He could have been sentenced to twelve years if he had been convicted of the two unadjudicated offenses of attempted simple kidnapping. These were dismissed but the trial judge nevertheless considered them in imposing sentence.
This was not improper. A trial court may consider a plea bargain by a defendant. State v. Landos, 419 So.2d 475 (La.1982), and a trial court may also consider criminal activity not leading to a conviction, State v. Brown, 410 So.2d 1043 (La.1982).
The sources of information from which a sentencing court may draw are extensive, and traditional rules of evidence are not bars to consideration of otherwise relevant information. State v. Douglas, 389 So.2d 1263 (La.1980). Prior criminal activity is one of the factors under Article 894.1 to be considered by the trial judge in sentencing a defendant. Prior criminal activity is not limited to convictions. Brown, 410 So.2d 1043 (La.1982).
Lin the present case, at the sentencing hearing, defense counsel declared that he had had an opportunity to review the presen-tence report. He also asked the trial court to consider defendant’s entire background: his service in the military during the Vietnam War; his service as a police officer for the City of Lafayette; and how defendant’s career took a down turn after he killed a suspect who was involved in an armed robbery. The sentencing judge acknowledged the existence of these facts.
Maximum sentences are reserved for the most egregious and blameworthy of offenders. State v. Telsee, 425 So.2d 1251 (La. 1983). In Landos, 419 So.2d at 478, the court stated:
... where the offense to which the defendant has pled guilty inadequately describes his conduct, we find no abuse of the trial court’s great discretion in imposing the maximum sentence possible for the crime to which the guilty plea is entered. This is particularly true where a significant reduction in potential exposure to imprisonment has been obtained through plea bargaining, and the offense involves violence to the victim.
In the record there are two detailed incident reports covering the two attempted simple kidnapping charges. They were attached to the presentence investigation report. The victim’s statements were included, as well as statements of witnesses. There were seven witnesses to the incident involving the 12-year-old child. There was likewise ample indication that the defendant had engaged in other similar activity. Both the robbery and the attempted simple kidnapping incidents involved young women. When the city police came to arrest defendant at his home, he resisted, locking himself in his house for a six hour standoff. The police had to use tear gas on eight separate occasions and finally had to break in. The defendant’s growing propensity for violence stood out in the record.
IsThis defendant had the experience of over eight years as a city police officer. He was found competent to assist counsel, the trial court noting that there is a difference between being unable to assist counsel and choosing not to assist counsel. He was 46 years old. The sentencing judge carefully considered his decision. On this record we cannot say that the imposition of the maximum for simple robbery was an abuse of discretion. The sentence makes a measurable contribution to acceptable penal goals and is not a needless imposition of pain and suffering.
*152 The sentence is affirmed. The trial court is instructed to inform the defendant of La. Code Crim.P. art. 930.8 by sending appropriate notice to him within ten days of the rendition of this opinion and file written proof that the defendant received the notice in the record of the proceedings.
SENTENCE AFFIRMED, WITH INSTRUCTIONS.