664 So.2d 523 (1995)
STATE of Louisiana
v.
Lonnie P. FONTENOT.
No. CR 95-459.
Court of Appeal of Louisiana, Third Circuit.
November 2, 1995.
*524 J. William Pucheu, Ville Platte and Allen Bruce Rozas, Mamou, for the State of Louisiana.
Raymond J. Lejeune, Mamou, for Lonnie P. Fontenot.
Before YELVERTON, DECUIR and PETERS, JJ.
PETERS, Judge.
After a jury trial, the defendant, Lonnie P. Fontenot, was convicted of five counts of theft of property having a value in excess of $500.00, a violation of La.R.S. 14:67. He was subsequently adjudicated an habitual offender. The trial court sentenced him to serve eight years at hard labor on each count and ordered that the sentences run consecutively and without benefit of probation or suspension of sentence.

*525 DISCUSSION OF RECORD
In the first count, the defendant was charged with stealing a Snapper riding lawn mower from Frances Reed's home on or about June 21, 1992. In the second count, the defendant was charged with stealing a Honda four-wheeler from Roy West's home on or about December 17, 1992. In the third count, the defendant was charged with stealing a Honda three-wheeler which belonged to Scott Smith and was located at Smith's grandmother's house on or about February 28, 1993. In the fourth count, the defendant was charged with stealing a Honda three-wheeler from Joseph Shad Fontenot's home on or about March 8, 1993. In the fifth count, the defendant was charged with stealing a Honda four-wheeler on or about May 5, 1993, from the home of Guy Soileau. All of the stolen property was recovered and returned to the rightful owners. The defendant contends that he did not steal any of these items but admits that at different times he did have possession of all five. He claims to have acquired the Reed lawn mower, the Smith three-wheeler, and the Fontenot three-wheeler from a John Broussard. The defendant claims to have acquired the West four-wheeler from Billy Lanchlos and the Soileau four-wheeler from Jason Cummings.

ANALYSIS
The defendant has raised five assignments of error for consideration by this court.

Assignment of Error No. 1
The defendant first contends that the state failed to establish Evangeline Parish as the proper venue. This exception is without merit. La.Code Crim.P. art. 615 provides:
Improper venue shall be raised in advance of trial by motion to quash, and shall be tried by the judge alone. Venue shall not be considered an essential element to be proven by the state at trial, rather it shall be a jurisdictional matter to be proven by the state by a preponderance of the evidence and decided by the court in advance of trial.
The defendant did not raise this issue by motion to quash prior to trial, and he cannot raise this issue for the first time on appeal. See also State v. Matthews, 632 So.2d 294 (La.App. 1 Cir.1993).

Assignments of Error Nos. 2 and 4
Both of these assignments address the sufficiency of the evidence and will be considered together. When the issue of the sufficiency of evidence is raised on appeal, the critical inquiry of the reviewing court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State ex rel. Graffagnino v. King, 436 So.2d 559 (La.1983). It is the fact finder's role to weigh the respective credibilities of the witnesses, and therefore, the appellate court should not second-guess the credibility determinations of the trier of fact beyond the sufficiency evaluations under the Jackson standard of review. State ex rel. Graffagnino, 436 So.2d 559. In State v. Mussall, 523 So.2d 1305, 1311 (La.1988), the Louisiana Supreme Court set forth the legal precepts to be used in a Jackson review:
After reviewing Jackson and the foregoing authorities, we conclude that a reviewing court may not disregard its duty under due process of law as interpreted by Jackson v. Virginia simply because the record contains testimony which tends to support each fact necessary to constitute the crime. If the court finds that no rational trier of fact viewing all of the evidence from a rational pro-prosecution standpoint could have found guilt beyond a reasonable doubt, the conviction cannot stand constitutionally. The actual trier of fact's rational credibility calls, evidence weighing and inference drawing are preserved through the requirement that upon judicial review all of the evidence is to be considered as if by a rational fact finder in the light most favorable to the prosecution, and by the admonition that the sufficiency inquiry does not require a court to ask itself whether it believes that the evidence at trial established guilt beyond a reasonable doubt. Thus, the reviewing court is not called upon to decide whether it believes the witnesses or whether the conviction *526 is contrary to the weight of the evidence. As Professor Wright observes, the important points are that "the court is not to substitute its judgment of what the verdict should be for that of the jury, but that at the same time the jury cannot be permitted to speculate if the evidence is such that reasonable jurors must have a reasonable doubt." 2 C. Wright, [Federal Practice & Procedure, Criminal 2d,] § 467, at 660-661 & n. 23.
(Footnotes omitted).
In the second assignment of error, the defendant contends that the state did not prove that the value of each item allegedly taken exceeded $500.00. The evidence reflects that the defendant traded the Reed lawn mower for an all-terrain vehicle valued at approximately $1,000.00, sold the West four-wheeler for $1,600.00, sold the Smith three-wheeler for $1,200.00, sold the Fontenot three-wheeler for $650.00, and sold the Soileau four-wheeler for $3,200.00. Considering the standard of review to be applied in this case and viewing the evidence in the light most favorable to the prosecution, we find that a rational trier of fact could have found the value of the items proven beyond a reasonable doubt. Thus, we find this assignment is without merit.
In the fourth assignment of error, the defendant contends that the evidence presented at trial does not support a verdict of guilty. We also find that this assignment is without merit.
La.R.S. 14:67(A) provides:
A. Theft is the misappropriation or taking of anything of value which belongs to another, either without the consent of the other to the misappropriation or taking, or by means of fraudulent conduct, practices, or representations. An intent to deprive the other permanently of whatever may be the subject of the misappropriation or taking is essential.
Additionally, there exists a rebuttable legal presumption "that the person in the unexplained possession of property recently stolen is the thief...." La.R.S. 15:432.
The only direct evidence of the defendant's involvement in a theft is the testimony of Jason Cummings who claims that the defendant, Alvin Edwards, and he took the Soileau four-wheeler. That four-wheeler was stolen sometime between April 28, and April 30, 1993, and was sold by the defendant to E.J. Duplechain on or about May 5, 1993. Duplechain then sold the vehicle to someone named Manuel from whom it was later recovered.
Proof of the remaining charges was based upon the presumption of La.R.S. 15:432. The three-wheeler stolen from Smith was taken on or about February 28, 1993, and was sold by the defendant to Marjorie C. Doyle on March 13, 1993. The Fontenot three-wheeler was taken in the evening hours of March 7, or the early morning hours of March 8, 1993, and was sold by the defendant to J.C. Duplechain on March 16, 1993. Mr. Duplechain testified that he had purchased it from Steve Fontenot, who is the defendant's cousin. However, when the transaction was completed, Steve Fontenot gave him a receipt signed by the defendant. Steve Fontenot testified that he claimed no ownership interest in the Fontenot three-wheeler and that the sale to Mr. Duplechain was on behalf of the defendant.
The Reed lawn mower was taken sometime on the evening of June 20, or the early morning hours of June 21, 1992. The defendant acknowledged having possession of the lawn mower thereafter and acknowledged selling it to Christopher Ortego, from whom it was recovered by law enforcement. However, the record is not clear as to the date of the sale. In the evening hours of December 16, or the early morning hours of December 17, 1992, the West four-wheeler was taken. It was sold by the defendant to E.J. Duplechain approximately one month before it was recovered by law enforcement personnel on June 17, 1993.
The defendant denied the thefts, claiming to have purchased the items described in the first, third, and fourth counts from a John Broussard; the property described in the second count from Billy Lanchlos; and the property described in the fifth count from Jason Cummings. Neither Broussard nor Lanchlos testified. The defendant also produced receipts purportedly signed by John Broussard. However, the dates of purchase *527 reflected on the receipts were not in the same chronological order as the printed numbers on the receipts. Receipt Number 036251 was dated July 12, 1992, and purported to be a receipt for the lawn mower. The second receipt in sequence bears Number 036254 and was dated March 14, 1993; it purported to be a receipt from Broussard for the Fontenot three-wheeler. The third receipt bears Number 036256 and was dated March 8, 1993; it purported to be a receipt for the Smith three-wheeler. On cross-examination, the defendant could not explain the discrepancies between the dates on the receipts and the numbering sequence printed on the receipts.
Applying the appropriate standard of review and viewing the evidence in the light most favorable to the prosecution, we find that a rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Therefore, we find this assignment of error is without merit.

Assignment of Error No. 3
By this assignment, the defendant asserts that the habitual offender sentence imposed is excessive because it is based on an excessive sentence on the underlying charges. In this case, the defendant was actually sentenced twice. Prior to being charged as an habitual offender, he appeared for sentencing on the jury verdict. The trial court concluded that this case justified a deviation from the Louisiana Felony Sentencing Guidelines and sentenced the defendant to seven years at hard labor on each count to run consecutively, for a total of thirty-five years.[1] In considering this assignment of error, we must first determine if this is an excessive sentence.
It is clear that the trial court deviated from the Louisiana Felony Sentencing Guidelines. In State v. Smith, 93-0402 (La. 7/5/94); 639 So.2d 237, the supreme court set forth the process of appellate review of a trial court's use of the guidelines. The court explained:
(1) [W]hile a trial judge must consider the Guidelines, he has complete discretion to reject the Guidelines and impose any sentence which is not constitutionally excessive, but is within the statutory sentencing range for the crime of which a defendant has been convicted, so long as he states for the record the considerations taken into account and the factual basis for his imposition of that sentence, La.Code Cr.P. art. 894.1; and (2) where the trial judge has considered the Guidelines and imposed a sentence, adequately stating for the record the considerations taken into account and the factual basis for imposition of that sentence, an appellate court is limited to a review of the sentence imposed for constitutional excessiveness, without regard as to whether the trial judge either employed or deviated from the Guidelines.
Id. at 240 (footnote omitted).
Therefore, our review necessitates two inquiries. The first inquiry is whether or not the trial court "considered" the guidelines when determining sentence and whether or not it adequately stated for the record the considerations and factual basis taken into account; the second inquiry is whether or not the sentence imposed is unconstitutionally excessive.
The trial court stated that it had carefully considered the presentence investigation report as well as the sentencing guidelines analysis. Having determined that the trial court considered the guidelines, the next question to be determined is whether the trial court adequately stated for the record the considerations taken into account and the factual basis for the imposition of sentence. Aggravating and mitigating circumstances, if such exist, constitute part of the considerations which may be used in determining the appropriate sentence. La.Code Crim.P. art. 894.1(C).
In sentencing the defendant, the trial court concluded that the defendant had made no effort to conform to legally and socially aceptable *528 behavior; that a lesser sentence would deprecate the seriousness of the crimes; that the defendant is "a threat and a menace to society and our community"; that the sentences imposed were commensurate with the offenses; and that the sentences would act as a deterrent to others. While we note that the desire to teach others a lesson or deter others is not an acceptable basis for imposing a particular sentence, State v. Hammond, 506 So.2d 1380 (La.App. 3 Cir. 1987), all of the other conclusions are appropriate considerations that a trial court may use to deviate from the guidelines if supported by a factual basis.
Despite the reference to deterring others, the record reveals that the trial court properly individualized the sentence given to this defendant. See id. The factual basis for the deviation in this case included the defendant's prior criminal record. The defendant had a prior felony conviction of theft over $500.00 (April 21, 1986), a prior felony conviction of possession with intent to distribute marijuana (June 20, 1988), and a prior misdemeanor conviction of possession of marijuana (October 8, 1993). The court found that the defendant was twenty-seven years old and had a criminal record that was both "lamentable and reprehensible." The court found that the defendant had not shown any interest in reforming or rehabilitating himself and that the five thefts committed in this case "were well thought out, premeditated, deliberate acts systemically [sic] and coolly calculated" and were done without excuse or justification. The trial court further found that the crimes were not those associated with spur-of-the-moment or heat-of-passion crimes and that the acts performed by the defendant were such that they caused the honest people of the community to fear for their safety.
La.R.S. 14:67(B)(1) provides that the maximum sentence for the conviction of one count of theft where the taking involves anything having a value in excess of $500.00 is imprisonment with or without hard labor for not more than ten years or a fine of not more than $3,000.00 or both. Where a sentence is imposed within the statutory limits, the trial court is given wide discretion and the sentence will not be deemed excessive absent a manifest abuse of discretion. State v. Lobato, 603 So.2d 739 (La.1992); State v. Williams, 94-736 (La.App. 3 Cir. 12/7/94); 647 So.2d 597. However, even a sentence that falls within the statutory limits may nevertheless be excessive under the circumstances. State v. Sepulvado, 367 So.2d 762 (La.1979). A sentence is deemed excessive if it makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering, or if it is grossly out of proportion to the severity of the crime. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Howard, 414 So.2d 1210 (La.1982).
In this case, we conclude that the trial court adequately stated for the record the considerations taken into account and the factual basis for imposition of the sentences, and we do not find that the original sentences for the underlying convictions are excessive.
Having found that the sentences for the underlying convictions are not excessive, we also find that the sentences imposed under the Habitual Offender Law are not excessive. The defendant is a third felony offender. The sentencing range for such an offender is found in La.R.S. 15:529.1(A)(1)(b)(i) which currently reads as follows:
(b) If the third felony is such that upon a first conviction, the offender would be punishable by imprisonment for any term less than his natural life then:
(i) The person shall be sentenced to imprisonment for a determinate term not less than two-thirds of the longest possible sentence for the conviction and not more than twice the longest possible sentence prescribed for a first conviction....
Additionally, any sentence imposed under the Habitual Offender Law is to be served without the benefit of probation or suspension of sentence. La.R.S. 15:529.1(G).
The longest possible term of incarceration for theft over $500.00 is imprisonment "with or without hard labor, for not more than ten years." La.R.S. 14:67(B)(1). The sentence imposed on each count in this case was eight years at hard labor with each sentence to *529 run consecutively and without benefit of probation or suspension of sentence. These sentences are not less than two-thirds of the longest possible sentence (six and two-thirds years) and are not more than twice the longest possible sentence (twenty years). We do not find that the trial court erred in imposing these sentences.

Assignment of Error No. 5
On June 10, 1994, the defendant filed a motion for continuance asserting that the state failed to provide him with statements of codefendants or coconspirators that would be offered against him. The trial court denied this motion. On June 13, 1994, the day of trial, the state gave the defendant notice that Jason Cummings was going to testify that the defendant and he stole one of the vehicles and brought it to a third person. The defendant again moved for a continuance arguing that the state knew this information well in advance and that the state had previously told defense counsel it did not have this information and would not use it. The trial court denied the defendant's motion, and he contends that the trial court erred in refusing to grant the continuance.
La.Code Crim.P. art. 712 provides:
A motion for continuance, if timely filed, may be granted, in the discretion of the court, in any case if there is good ground therefor.
The trial court's ruling on the motion for continuance will not be disturbed absent a clear abuse of discretion. State v. Bourque, 622 So.2d 198 (La.1993). The circumstances of the case determine whether the refusal to grant a continuance is justified. Id. In general, our supreme court has declined to reverse a conviction based on the denial of a motion for continuance absent a showing of specific prejudice. Id.
La.Code Crim.P. art. 721 provides that upon motion of the defendant, the court shall order the state to inform the defendant of its intent to use statements of coconspirators pursuant to La.Code Evid. art. 801(D)(3)(b). We note that on December 10, 1993, the state filed a response to the defendant's discovery request stating that it might use at trial hearsay statements from coconspirators. Thus, the state complied with its obligation under this article. Moreover, at trial defense counsel demonstrated knowledge of details involving Jason Cummings' testimony. Thus, we find no prejudice to the defendant and no abuse of the trial court's discretion in refusing to grant the motion for continuance.

DISPOSITION
For the foregoing reasons, the convictions and sentences are affirmed in all respects.
AFFIRMED.
NOTES
[1] According to the presentencing guidelines report, the Louisiana Felony Sentencing Guidelines recommended concurrent sentences ranging from a minimum of sixty months to a maximum of seventy-two months or consecutive sentences which would result in a minimum of 180 months or a maximum of 192 months.