liPER CURIAM *.
Defendant was convicted on five counts of felony theft. On appeal, the court affirmed *272 the convictions on the basis that defendant’s exculpatory account of how he acquired the stolen property he resold to various persons was impeached generally by his two prior felony convictions and specifically by discrepancies in the receipts purporting to show his innocent purchase of one stolen lawnmower and four stolen all-terrain vehicles (ATVs). 95-459, p. 506 (La.App. 3d Cir. 11/2/95); 664 So.2d 523, 526-27. This court granted certiorari to review the sufficiency of the evidence. 95-2920 (La. 3/22/96); 669 So.2d 1229.
Defendant concedes there was sufficient evidence to support the conviction on count five. However, as to counts one through four, the prosecutor had no direct evidence that relator participated in the thefts. The evidence as to these ^counts establish only that relator had possession of the stolen lawnmower and the three ATVs from eight days to five months after the thefts. In closing argument, the prosecutor told the jurors that they “may infer that a person in the unexplained possession of recently stolen property is the thief.” See La.Rev.Stat. 15:432.
Considering the nature of the property taken and its relative mobility, we note that the inference raised by even the shortest interval of eight days does not prove beyond a reasonable doubt that defendant stole the lawnmowers and ATVs. From the age of fifteen or sixteen, he had bought and sold used machines such as ears, motorcycles and ATVs. Moreover, the overall evidence, direct and circumstantial, did not exclude the reasonable hypothesis that defendant was merely a “fence” for the stolen goods and was not necessarily the thief. See State v. Captville, 448 So.2d 676 (La.1984).
Accordingly, the conviction and habitual offender sentence of eight years on count five is affirmed. The convictions and sentences on counts one through four are reversed, and defendant is discharged as to those charges.

 Marcus, J., not on panel. Rule IV, Part 2, § 3.