684 So.2d 58 (1996)
STATE of Louisiana
v.
Gregory O. GOODMAN.
No. CR96-376.
Court of Appeal of Louisiana, Third Circuit.
November 6, 1996.
*59 Michael Harson, Lafayette, for the State of Louisiana.
G. Paul Marx, Lafayette, for Gregory O. Goodman.
Before WOODARD, DECUIR and PETERS, JJ.
WOODARD, Judge.
Defendant was originally charged by bill of information with one count of aggravated burglary, in violation of La.R.S. 14:60. Defendant subsequently reached a plea agreement with the District Attorney to a lesser charge of unauthorized entry into an inhabited dwelling, a violation of La.R.S. 14:62.3. The crime carries a sentencing range of 0 to 72 months with or without hard labor. Subsequently, the court imposed a sentence of 66 months at hard labor. Defendant appeals the trial court's sentence claiming that it was harsh and excessive. We affirm the trial court's sentence.

FACTS
On the evening of December 20, 1993, Goodman entered the home of an elderly couple located at 150 North Arlington Drive, without authority. At some point after his unauthorized entry, the female victim left her bedroom and encountered Goodman in her hallway. The woman began to scream, and Goodman attempted to rush toward her and grab her around her neck. The screaming alerted the woman's husband who was in another room of the house. As the husband attempted to reach his wife, he encountered Goodman in the carport. During a brief struggle, the husband was struck over the head by Goodman. Goodman then fled the residence. After a brief search utilizing a police dog, the police discovered a suspect lying beneath a van in a neighbor's garage. Prior to the police taking the suspect from the scene, the victims positively identified *60 him as the person who was in their home a short time earlier.
Defendant was charged by bill of information with one count of aggravated burglary, in violation of La.R.S. 14:60. On March 27th, 1995, and with the aid of counsel, Goodman pleaded guilty to a lesser charge of unauthorized entry of an inhabited dwelling, pursuant to an agreement with the District Attorney's Office, before Judge Edwards in the Fifteenth Judicial District Court in Lafayette Parish. Goodman did not agree to a specific sentence at anytime during the plea bargaining process. At that time, the court recognized the plea agreement. The trial judge informed Goodman that the plea agreement required him to admit to the factual basis for the charge, the "Boykin" requirement, and that a pre-sentence investigation be conducted. La.R.S. 14:62.3 provides a sentencing range of not more than one thousand dollars or imprisonment with or without hard labor for not more than six years (72 months), or both, for the crime of unauthorized entry. At sentencing, Goodman was sentenced to 66 months at hard labor. On September 21, Goodman timely filed a Motion for Reconsideration of Sentence which was denied by the court. Goodman seeks review by this Court alleging one assignment of error.

ASSIGNMENT OF ERROR
In his sole assignment of error, Goodman claims that the trial court erred in imposing an excessive sentence.

LAW
REVIEW OF SENTENCE
La.C.Cr.P. art. 881.2 states, in pertinent part:
A. (1) The defendant may appeal or seek review of a sentence based on any ground asserted in a motion to reconsider sentence. The defendant also may seek review of a sentence which exceeds the maximum sentence authorized by the statute under which the defendant was convicted and any applicable statutory enhancement provisions.
(2) The defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea.
The state argues that Goodman should not be allowed to appeal his sentence because it was imposed based upon a plea agreement entered into between the District Attorney and the defendant. Notwithstanding their contentions, the state admits that Goodman and the District Attorney did not agree to a specific sentence term as part of the plea agreement. In addition, there is no reference to an agreed sentence term in the record at the time of the plea or at the sentencing hearing. What is discussed, however, is the maximum sentence, pursuant to La.R.S. 14:62.3, for the lesser charge. The record reveals the following discussion regarding sentencing at the sentencing hearing:
DEFENSE: Your honor, the only other thing is that [the defendant] would request that he be sentenced within the terms of the guideline figures that were prepared by Ms. Katherine Dupuis. We would note for the record that she made no findings of any aggravating factors in her report or her pre-sentence recommendation. Mr. Goodman ... is under the erroneous assumption that there was a cap with regards to his plea. He and Mr. Johnson [Assistant District Attorney] discussed the plea with my agreement and without any objection from me and without any objection from him. What Mr. Johnson did, according to my understanding, was we had discussed a cap of six years. Instead of placing a cap on the presentence investigation, what Mr. Johnson did was amend the charge down to unauthorized entry of an inhabited dwelling, which has a sentence of six years. So that's my understanding. I'm not sure Mr. Goodman shares that view of what happened. Is that what you understand, Mr. Goodman, or do you understand something different?
GOODMAN: I understand that they was [sic] going to drop the charge down to just a charge of giving me six with a cap, with a cap on it.
DEFENSE: That's the extent of this misunderstanding. We discussed a cap at *61 one point. He doesn't understand that the maximum sentence is six years.
THE COURT: He pled guilty to unauthorized entry of an inhabited dwelling?
DEFENSE: Yes, sir.
THE COURT: [T]he maximum sentence that the law allows me to impose upon you is six years. So if you're telling me that you're understanding was that you hadwas that there was a cap of six years, then yes, the cap is provided by the Legislature. I do not have the authority to give you anything more than six years. Do you understand that?
* * *
GOODMAN: Yes, sir.
The "cap" discussed at sentencing was a clarification of the law for Goodman's benefit, not a reference to a specific term deemed part of the plea agreement. Nevertheless, the state contends that "any agreement regarding pleading either for a specific sentence or to an amended charge is a plea agreement." Notwithstanding the veracity of that statement, the state ignores the clear purpose of the statute. A fair reading of the statute indicates that the limitation applies when a specific sentence or sentencing range is agreed to by both parties as part of a plea agreement, and is judicially recognized at the sentencing hearing. Read in this manner, the statute prevents a defendant from appealing a specific sentence to which he had previously agreed in order to receive a lesser conviction. In other words, the statute conserves judicial resources by not allowing a defendant to change his mind about the agreement after sentence is imposed. If one reads the statute in the manner suggested by the state, any defendant who pleads to a lesser charge for whatever reason would not be allowed to seek review of an imposed sentence on appeal.
In the case sub judice, there was no need to reach an agreement that set a "cap" of 72 months on the term of sentence Goodman could receive. Absent an agreement between the parties to a shorter term, the defendant would be sentenced to between 0 and 72 months as a matter of law. For the foregoing reasons, we find that the sentence imposed on Goodman is appealable and properly brought before this Court.

EXCESSIVE SENTENCE
In this assignment, Goodman concedes that his 66 month sentence for unauthorized entry of an inhabited dwelling falls within the statutory range; nonetheless, he argues that this penalty is excessive. Goodman was sentenced on August 1, 1995, when the sentencing guidelines were still in effect. The guidelines were not repealed until August 15, 1995, by Act No. 942, sec. 3, of 1995. Therefore, this Court is presented with two issues for review. First, we must determine whether the trial court considered the guidelines and adequately stated its considerations and the factual basis for the record when imposing sentence. State v. Fontenot, 95-459 (La. App. 3 Cir. 11/2/95); 664 So.2d 523. Second, we must consider whether the sentence is unconstitutionally excessive. Id.
A trial judge is not bound by the sentencing guidelines. The guidelines are merely advisory in nature. State v. Smith, 93-402 (La.7/5/94); 639 So.2d 237, 241. In Smith, the Louisiana Supreme Court set forth the standard of appellate review of a trial court's use of the guidelines:
(1) [W]hile a trial judge must consider the Guidelines, he has complete discretion to reject the Guidelines and impose any sentence which is not constitutionally excessive, but is within the statutory sentencing range for the crime of which a defendant has been convicted, so long as he states for the record the considerations taken into account and the factual basis for his imposition of that sentence, La.Code Cr.P. art. 894.1; and (2) where the trial judge has considered the Guidelines and imposed a sentence, adequately stating for the record the considerations taken into account and the factual basis for imposition of that sentence, an appellate court is limited to a review of the sentence imposed for constitutional excessiveness, without regard as to whether the trial judge either employed or deviated from the Guidelines.
Id. at 240 (footnote omitted) (emphasis supplied).
*62 La.C.Cr.P. art. 894.1 provides criteria to aid a sentencing court in determining whether a sentence of imprisonment should be imposed or whether a combination of imprisonment and probation is warranted. State v. Klause, 525 So.2d 1076 (La.App. 3 Cir.1988). La.R.S. 894.1(C) requires that the trial court take certain factors into consideration when imposing sentence. The court need not refer to every aggravating and mitigating circumstance in order to comply with the article. However, the record must affirmatively reflect that adequate consideration was given to the guidelines in particularizing the defendant's sentence. State v. Smith, 433 So.2d 688 (La.1983). Similarly, if "there is an adequate factual basis for the sentence contained in the record, the trial court's failure to articulate every circumstance listed in art. 894.1 will not necessitate a remand for resentencing." State v. Cottingin, 476 So.2d 1184, 1186 (La.App. 3 Cir.1985).
The trial court stated that it had reviewed the presentence investigation report and the sentencing guidelines analysis. We must, therefore, determine whether the trial court adequately stated its considerations and the factual basis for imposing sentence on the record. Fontenot, 664 So.2d at 527. At sentencing, the trial court looked at the following factors in making its determination: Goodman was on probation for a burglary conviction when he committed this crime; Goodman's drug habit; Goodman's substantial criminal record which includes various forms of theft, aggravated assault and resisting arrest spanning over ten years; the lack of mitigating factors; the seriousness of the offense. Viewing all these factors in the aggregate, the trial court thought the sentence was justified for this particular defendant. We also find that the trial judge adequately stated the factual basis for the crime charged. Having concluded that the trial judge adequately stated the considerations taken into account and the factual basis for the imposition of sentence, we now turn to the issue of excessiveness in determining whether the sentence was constitutionally appropriate.
Our state constitution, unlike its federal counterpart, explicitly prohibits excessive sentences. State v. Baxley, 94-2982 (La.5/25/95); 656 So.2d 973. Article 1, sec. 20 of the Louisiana Constitution of 1974 prohibits "cruel, excessive, or unusual punishment." A sentence that falls within the statutory limits may nevertheless be excessive under the circumstances. State v. Sepulvado, 367 So.2d 762 (La.1979); State v. Naquin, 527 So.2d 601 (La.App. 3 Cir.1988). To constitute an excessive sentence, this court must find the penalty is so grossly disproportionate to the severity of the crime as to shock our sense of justice. In the alternative, a sentence will be deemed excessive if it makes no measurable contribution to acceptable penal goals and, therefore, is nothing more than needless imposition of pain and suffering. State v. Campbell, 404 So.2d 1205 (La.1981); State v. Everett, 530 So.2d 615 (La.App. 3 Cir.1988), writ denied, 536 So.2d 1233 (La.1989). In addition, a sentence may be set aside if the record does not support the sentence, regardless of whether the sentence is constitutionally valid. State v. Soraparu, 93-1636 (La.App. 4 Cir. 1/19/95); 649 So.2d 1100. The trial judge is given wide discretion in imposing a sentence, and a sentence imposed within the statutory limits will not be deemed excessive in the absence of manifest abuse of discretion. State v. Howard, 414 So.2d 1210 (La.1982).
La.R.S. 14:62.3 provides for a sentence of up to six years with hard labor for the crime of unauthorized entry of an inhabited dwelling. Goodman benefitted substantially from the plea bargain. He could have been sentenced to a significantly higher term of up to thirty years had he been convicted of the original charge of aggravated burglary. In addition, the trial judge noted that Goodman committed assault and battery upon the victims; crimes for which he was not charged. In sentencing a defendant, a trial judge is permitted to consider prior criminal activity that did not lead to convictions. State v. Holleman, 94-1320 (La.App. 3 Cir. 5/3/95); 657 So.2d 148, 151. The trial judge adequately stated his considerations and factual basis in imposing the sentence for the record.
Additionally, there is extensive dialog between the trial judge and Goodman regarding *63 the maximum possible sentence he faced. Furthermore, we note that the sentence imposed is 6 months shy of the maximum possible sentence. Considering Goodman's extensive criminal history as well as his tendency to continue to commit crimeseven while a variety of criminal charges are pending against himand the reprehensible nature of his crime, we find the sentence imposed anything but excessive and completely supported by the record, which we may not set aside. La.C.Cr.P. art. 881.4(D).

CONCLUSION
For the foregoing reasons, the defendant's sentence is affirmed.
AFFIRMED.