# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 13-912


**STATE OF LOUISIANA**

**VERSUS**

**GERALD LAMONT KIMBLE**


**\*\*\*\*\*\*\*\*\*\***


APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 311,172
HONORABLE THOMAS MARTIN YEAGER, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***


## ULYSSES GENE THIBODEAUX
## CHIEF JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of Ulysses Gene Thibodeaux, Chief Judge, John D. Saunders, and Jimmie C. Peters, Judges.


**AFFIRMED.**


**James C. Downs**
**District Attorney - 9th Judicial District Court**
**Harold A. Van Dyke, III**
**Assistant District Attorney – 9th Judicial District Court**
**P. O. Drawer 1472**
**Alexandria, LA 71309**
**Telephone:  (318) 473-6650**
**COUNSEL FOR:**
     **Plaintiff/Appellee - State of Louisiana**

**Annette Fuller Roach**
**Louisiana Appellate Project**
**P. O. Box 1747**
**Lake Charles, LA 70602-1747**
**Telephone:  (337) 436-2900**
**COUNSEL FOR:**
     **Defendant/Appellant - Gerald Lamont Kimble**

**THIBODEAUX, Chief Judge.**

After fatally shooting his brother, Anthony Kimble, the State charged Defendant, Gerald Lamont Kimble, with second-degree murder under La.R.S. 14:30.1. Defendant subsequently pled guilty to one count of manslaughter pursuant to a plea agreement with a specific sentencing range of ten to thirty years, and he was sentenced to twenty years at hard labor. On appeal, Defendant contends that the sentence was constitutionally excessive. As Defendant is procedurally barred from raising this issue on appeal, we affirm his sentence.

## I.

## ISSUE

Defendant submits that the trial court's sentence, which was in accordance with a valid plea agreement, was constitutionally excessive.

## II.

## FACTS AND PROCEDURAL HISTORY

On April 28, 2012, Defendant, Gerald Lamont Kimble, shot and killed his brother, Anthony Kimble. Defendant was charged by bill of indictment with one count of second-degree murder, a violation of La.R.S. 14:30.1. After a sanity evaluation, the trial court found Defendant competent to proceed with trial. Pursuant to a plea agreement, Defendant pled guilty to one count of manslaughter, a violation of La.R.S. 14:31, which has a maximum sentence of forty years. The Defendant's plea agreement contained a specific sentencing range of ten to thirty years. At the sentencing hearing, the trial court sentenced Defendant to twenty

years with hard labor. Defendant filed a Motion to Reconsider Sentence, which the trial court denied.

## III.

## <u>LAW AND DISCUSSION</u>

Defendant claims that his sentence is constitutionally excessive. However, Defendant is procedurally barred from raising this claim. Louisiana Code of Criminal Procedure Article 881.2(A)(2) states that "[t]he defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea." The Louisiana Supreme Court further held that "the legislature intended [La.Code Crim.P. art. 881.2(A)(2)] to apply to plea agreements involving both specific sentences and sentencing caps." *State v. Young*, 96-195, p. 5 (La. 10/15/96), 680 So.2d 1171, 1174. In line with the supreme court's reasoning, we have held that sentence review is precluded "when a *specific* sentence or sentencing range is agreed to by both parties as part of a plea agreement, and is judicially recognized at the sentencing hearing." *State v. Goodman*, 96-376, p. 4 (La.App. 3 Cir. 11/6/96), 684 So.2d 58, 61.

Here, it is uncontested that Defendant entered into a plea agreement with the State. Defendant pled guilty in exchange for a charge reduction from second-degree murder to manslaughter and a specific sentence range of ten to thirty years. Defendant and the State jointly recommended the sentence range, and Defendant was sentenced within the terms of his plea agreement. Therefore, he is now procedurally barred from appealing this issue.

IV.

## **<u>DISPOSITION</u>**

For the foregoing reasons, Defendant is procedurally barred from seeking review of his claim. As such, we affirm Defendant's sentence for manslaughter.

**AFFIRMED.**