700 So.2d 1172 (1997)
STATE of Louisiana, Appellee,
v.
Michael Jerry WATKINS, Defendant-Appellant.
No. 97-364.
Court of Appeal of Louisiana, Third Circuit.
October 8, 1997.
Bernard E. Boudreaux, Jr., District Attorney, for State.
P.J. Laborde, Lafayette, for Michael Jerry Watkins.
Before DOUCET, C.J., and DECUIR and AMY, JJ.
DECUIR, Judge.
The defendant, Michael Jerry Watkins, was charged with possession of Schedule III narcotics, steroids, with intent to distribute, a violation of La.R.S. 40:968(A)(1). Pursuant to a plea agreement, the State reduced the charge to simple possession of steroids, a violation of La.R.S. 40:968(C) and the defendant offered a plea of guilty. The defendant also agreed to forfeit the vehicle and money seized at the time of arrest. The defendant was sentenced to serve three years at hard labor. The defendant filed a Motion to Reconsider Sentence, and the trial court ordered the parties to make a written request for a hearing on the motion; however, the record indicates no such request was made and, therefore, the trial court never ruled on the motion. The defendant was subsequently granted an out of time appeal.

FACTS
The Iberia Parish Sheriff's Office received information from an informant that the defendant was or would be in possession of a large quantity of steroids. Based on that information, the Sheriff's Office stopped the defendant's vehicle on March 13, 1995 and, thereafter, obtained verbal permission to search the vehicle. According to the arresting officer, the search uncovered approximately fourteen to sixteen preloaded syringes containing steroids and 482 tablets of steroids.

*1173 SENTENCE
In assignments two and three, the defendant contends the trial court erred in sentencing him. The State argues the defendant is precluded from seeking review of his sentence, pursuant to La.Code Crim.P. art. 881.2(A)(2), as he was sentenced in conformity with a plea agreement which placed a five year cap on the potential sentence he would receive. We agree.
The charge to which the defendant pled, simple possession of steroids, carried by statute a maximum penalty of five years. La. R.S. 40:968(C). Thus, by pleading guilty to the charge the defendant could not have legally received a sentence more severe than five years. This court recently addressed this issue under similar facts in State v. Goodman, 96-376 (La.App. 3 Cir. 11/6/96); 684 So.2d 58. In Goodman, the State agreed to amend the charge down to a count that carried a maximum legal sentence of six years. The record clearly revealed that this was done after the option of imposing a sentencing cap was rejected by the parties. Therefore, in Goodman the plea agreement did not contain a provision regarding sentencing and consequently we found that La. Code Crim.P. art. 881.2(A)(2) did not apply.
The present case differs from Goodman in one important way. In this case, the trial court clearly enunciated the plea agreement between the parties including the provision imposing a cap of five years regardless of the outcome of the pre-sentence investigation. The defendant and his attorney acknowledged the content of the plea agreement on the record. Defendant, subsequently received a sentence of three years at hard labor and forfeited his vehicle and $1,000.00 cash which were seized at the time of his arrest.
In light of defendant's clear intention to enter a plea agreement with a cap of five years, we find that the present case is controlled by State v. Young, 96-0195 (La.10/15/96); 680 So.2d 1171. In that case the supreme court held that La.Code Crim.P. art. 881.2(A)(2) applies to plea agreements involving both specific sentencing and sentencing caps. Accordingly, we find that La. Code Crim.P. art 881.2(A)(2) precludes defendant from appealing his sentence imposed in conformity with a plea agreement which was set forth in the record at the time of his plea.

HEARSAY
The defendant also contends the trial court erred by allowing the State to introduce evidence during the sentencing hearing in the form of hearsay testimony. The defendant asserts he was prejudiced as the hearsay testimony reflected negative information which had not been included in the Pre-Sentence Investigation report and was offered for "the sole purpose of inflaming the judge." La.Code Evid. art. 1101(C) provides:
Except as otherwise provided by Article 1101(A)(2) and other legislation, the provisions of this Code [of Evidence] shall not apply to the following:
....
(4) Sentencing hearings except as provided in Code of Criminal Procedure Article 905.2 in capital cases ...
Moreover, a sentencing court may consider sources of information normally excluded from the trial court during the guilt phase. In State v. Myles, 94-0217, p. 2-3 (La.6/3/94); 638 So.2d 218, 219, the Louisiana Supreme Court stated:
The sources of information relied upon by the sentencing court are varied and may include evidence usually excluded from the courtroom at the trial of guilt or innocence, e.g., hearsay and arrest as well as conviction records. Williams v. New York, 337 U.S. 241, 69 S.Ct. 1079, 93 L.Ed. 1337 (1949); State v. Washington, 414 So.2d 313 (La.1982); State v. Brown, 410 So.2d 1043 (La.1982). Because the scope of information available to the court for sentencing purposes is so broad, the defendant has a due process right to rebut prejudicially false or misleading information which may affect the sentencing determination. State v. Lockwood, 439 So.2d 394 (La.1983); State v. Parish, 429 So.2d 442 (La.1983); State v. Underwood, 353 So.2d 1013 (La. 1978). The defendant also has the due process right to sentencing free of assumptions *1174 about his prior record which are materially untrue. Townsend v. Burke, 334 U.S. 736, 68 S.Ct. 1252, 92 L.Ed. 1690 (1948); cf., United States v. Tucker, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972).
Id. at 219.
Thus, the normal rules of evidence governing hearsay do not apply in a sentencing hearing. Much of the testimony to which the defendant refers deals with evidence of other crimes. We note the defendant received written notice prior to his sentencing hearing of the State's intention to present evidence of the defendant's distribution of narcotics which allegedly occurred before the date of his arrest. The defendant was given the opportunity to rebut the evidence at his sentencing hearing, and he did appear at the hearing to deny the allegations made by the State witnesses. Furthermore, in overruling the defendant's objection, the trial court recognized that the testimony was based on hearsay and thus considered less credible than testimony based on firsthand observation. Therefore, this assignment of error lacks merit.

CONCLUSION
For the foregoing reasons, the defendant's sentence is affirmed.
AFFIRMED.