2FITZSIMMONS, Judge.
The defendant, Lionel Raymond, was charged by bill of information with attempted second degree murder, in violation of La. R.S. 14:27 and 30.1. Initially, he pled not guilty. Thereafter, pursuant to a plea agreement, the defendant pled guilty to the responsive offense of aggravated battery, La. R.S. 14:34. The defendant received a sentence of eight years at hard labor. He filed a motion to reconsider sentence, which the trial court denied. The defendant alleges on appeal, only one assignment of error: the trial court erred in imposing an excessive sentence. The state argues that the defendant waived his right to appeal the sentence.
Because there was no trial, the record contains little factual information about the *1157 instant offense other than an offense report contained in the presentence investigation report (PSI). At approximately 3:30 a. m. on December 3, 1995, the defendant chased and shot the victim, Darryl Washington, in Race-land, Louisiana. Although placed in intensive care and listed in critical condition, the victim survived gunshot wounds to the neck and lower back. The defendant fled the scene after the shooting, but turned himself in the following night.

WAIVER OF APPEAL

The state argues that the defendant’s agreement to plead guilty to the reduced charge of aggravated battery, with the correspondingly reduced penalty exposure of a maximum sentence of ten years, had the effect of acting as a sentencing cap.[2] 3Under State v. Young, 96-0195 (La.10/15/96), 680 So.2d 1171, a sentencing cap is a type of plea agreement contemplated by La.Code of Crim. P. art. 881.2 A(2). Article 881.2 A(2) provides that the “defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea.” Therefore, the defendant should be precluded from seeking appellate review of his sentence under La.Code Crim. P. art. 881.2 A(2). We decline to extend Young to interpret a simple plea to a reduced charge as an “on the record” sentencing “cap” plea agreement. In the instant case, there was no mention of a sentencing cap. In our view, the mere act of entering a guilty plea to a reduced charge, without specific reference to an agreed upon sentence, sentencing range, or sentencing cap, did not act as a de facto sentencing cap foreclosing appellate review of any subsequent sentence.

ASSIGNMENT OF ERROR NUMBER ONE

In defendant’s only assignment of error, he contends that the trial court erred in imposing an excessive sentence.
The Code of Criminal Procedure sets forth items which must be considered by the trial court before imposing sentence. La. Code Crim. P. art. 894.1. The trial court need not recite the entire checklist' of Article 894.1, but the record must reflect that it adequately considered the criteria. State v. Herrin, 562 So.2d 1, 11 (La.App. 1st Cir.), writ denied, 565 So.2d 942 (La.1990). In light of the criteria expressed by Article 894.1, a review for individual exeessiveness should consider the circumstances of the crime and the trial court’s stated reasons and factual basis for its sentencing decision. State v. Watkins, 532 So.2d 1182, 1186 (La.App. 1st Cir.1988).
 4Although a sentence falls within statutory limits, it may be excessive. State v. Sepulvado, 367 So.2d 762, 767 (La.1979). However, the trial court has discretion in imposing a sentence within the statutory limits; and, such a sentence will not be set aside as excessive in the absence of manifest abuse of discretion. State v. Latiolais, 563 So.2d 469, 473 (La.App. 1st Cir.1990).
Our review of the sentencing transcript indicates that the trial court complied with the Article 894.1 guidelines. After the defendant’s guilty plea, the trial court ordered a PSI. Before imposing sentence, the trial court considered defense counsel’s request for leniency based on the defendant’s youth and alleged addiction to drugs and alcohol at the time of the offense. The PSI recommended a maximum sentence. The only mitigating circumstance noted by the court was the defendant’s age (18 years). Although classified as a first felony offender, the trial court noted that the defendant had a recent prior criminal history involving juvenile probation for illegal carrying of a weapon and a misdemeanor conviction' for simple battery.
The trial court noted that there was an undue risk the defendant would commit another crime if given a suspended sentence and concluded that it could not be assured by *1158 the defendant’s “self-serving letter” that he would not engage in further violent criminal activity. The court indicated a severe sentence was warranted so as not to deprecate the seriousness of the offense. Reviewing the facts of the offense, this court is impressed with the fact that the defendant chased the victim in order to shoot him. Finally, the trial court concluded that the instant sentence was required “for the protection of society.” It hoped the defendant was sincere in his letter when he claimed that he had learned his lesson and desired to lead a productive life. For hisjgconviction of aggravated battery, the defendant was exposed to a maximum sentence of ten years at hard labor and a maximum fine of $5,000. See La. R.S. 14:34. The defendant received a sentence of eight years at hard labor, but no fine was imposed.
Because the defendant’s conduct herein led to an original charge of attempted second degree murder, he certainly benefited from the reduced penalty exposure he received in the instant guilty plea. See State v. Abiodun, 509 So.2d 821, 823 n. 1 (La.App. 1st Cir.1987).
Considering the circumstances of the offense, the defendant’s favorable plea bargain agreement, and the reasons for sentencing given by the trial court, we find that the instant sentence is supported by the record. Therefore, for the reasons herein stated, we find this assignment of error meritless.
CONVICTION AND SENTENCE AFFIRMED.

. In its brief to this court, apparently in order to facilitate our review of the alleged sentencing "cap,” the state has attached to its brief a transcript of the September 30, 1996 guilty plea proceeding. However, the state should know that this court has no authority to receive or review evidence not contained in the record. See State v. Swan, 544 So.2d 1204, 1209 (La.App. 1st Cir.1989). In order to review this claim by the state, we have caused the district court clerk to supplement the appeal record with the guilly plea transcript.