liAMY, Judge.
The defendant was originally charged with one count of possession with the intent to distribute cocaine, second offender and, pursuant to a plea agreement, entered a plea of guilty to the reduced charge of possession of cocaine, second offense. He was subsequently sentenced to five years at hard labor, to run consecutively with any other sentence being served. He now appeals his sentence asserting that the five-year term is excessive. We affirm.
Factual and Procedural History
The defendant, Wilson Gobert, Jr., was charged by bill of information with one count of possession with the intent to distribute cocaine, second offender, a violation of La. R.S. 40:967 and La.R.S. 40:982. The defendant entered a plea of not guilty to this charge. On July 7, 1997, however, the defendant withdrew the initial plea and, pursuant to a plea agreement, entered a plea of guilty to the charge of possession of Rcocaine, see-ond offense. At the plea hearing, the State offered the following factual basis for the plea:
The State would have proven at trial that on October 13 of 1996 at or near 125 Marshal Street in Lafayette the defendant was found to be in possession of approximately three grams of crack cocaine.
The State would have further proven that the defendant was previously convicted of possession with intent to distribute cocaine on February 7th of 1994 in Lafayette Parish, Criminal Docket Number 63407.
At the time the trial court accepted the defendant’s guilty plea, a presentence investigation was ordered. Subsequently, on October 8, 1997, the defendant was sentenced to five years at hard labor. The sentence was ordered to run consecutively with any other sentence being served.
The defendant now appeals asserting that the five-year sentence imposed is excessive considering the mitigating circumstances.
Discussion
The defendant argues that the trial court inadequately considered the mitigating circumstances present in this case resulting in an excessive sentence. In particular, the defendant alleges that the court should have considered that he was a drug addict who had never received treatment, that he was found in possession of three grams of crack cocaine, and that he took responsibility for his actions by entering a plea of guilty to the charge. He contends that the trial court’s reference to his religious faith and his admission to drug and alcohol problems was inadequate compliance with La.Code Crim.P. art. 894.1.
|3As stated above, the defendant’s plea was entered pursuant to a plea agreement. He was originally charged with possession with the intent to distribute cocaine, second offense, a charge which carried the possibility of up to sixty years imprisonment and a fine of up to $100,000.00. Pursuant to the plea agreement, this more serious charge was dropped in exchange for the defendant’s guilty plea to the reduced charge of possession of cocaine, second offender, an offense *734 which exposed the defendant to not more than ten years imprisonment and a fine of not more than $10,000.00.
Pursuant to the plea agreement, the defendant was not sentenced at the time his plea was accepted, but a presentenee investigation was ordered. At sentencing, the defendant requested that he be sentenced to not more than two years and that this sentence be imposed concurrently with any other sentence he was serving. The State asked only that the court impose a sentence commensurate with the seriousness of the offense. After considering mitigating circumstances, the trial court sentenced the defendant to five years at hard labor to be served consecutively with any sentence being served and further recommended that the defendant be placed in an appropriate drug treatment program. The defendant’s subsequent Motion for Reconsideration of Sentence was denied.
As the defendant’s plea was entered pursuant to a plea agreement, we first consider whether review by this court is appropriate. La.Code Crim.P. art. 881.2(A)(2) provides as follows:
The defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea.
14As previously determined by the Louisiana Supreme Court in State v. Young, 96-0195 (La.10/15/96); 680 So.2d 1171, Article 881.2(A)(2) precludes review of a sentence imposed pursuant to a plea agreement involving both specific sentences and sentence caps. In this instance, the plea agreement did not contain a recommendation for either a specific sentencing or a sentencing range. However, the defendant pled guilty to a reduced charge and reduced his sentencing exposure. Therefore, this reduction in exposure can be seen to operate as a sentencing cap.
In State v. Goodman, 96-376 (La.App. 3 Cir. 11/6/96); 684 So.2d 58, a panel of this court found that Article 881.2(A)(2) applies only in a situation where a specific sentence or sentencing range is part of the plea agreement. The court rejected the assertion that a plea entered pursuant to a reduced charge, thereby limiting sentencing exposure, is a specific sentencing cap. Therefore, the court concluded that the defendant’s sentence could be reviewed.
Distinguishing Goodman, a panel of this court has subsequently determined that La.Code Crim.P. art. 881.2(A)(2) does not always preclude review of a sentence when the only sentencing cap is that attendant to a reduced charge. State v. Watkins, 97-364 (La.App. 3 Cir. 10/8/97); 700 So.2d 1172. As in Goodman, no specific sentence or sentencing range was recommended by the parties in Watkins. However, in Watkins, the court found that review was precluded since the defendant clearly recognized that the statutory maximum penalty was the most he could receive and understood that this acted as a cap.
We conclude that the instant matter is analogous to that presented in Watkins, 97-364; 700 So.2d 1172. Here, the defendant clearly benefitted from a reduction ofjghis sentencing exposure from sixty years to ten years. Furthermore, the plea agreement form signed by the defendant and entered into the record specifies that the defendant could be sentenced up to ten years and, further, that a presentence investigation was ordered. Therefore, as in Watkins, we find that the defendant entered into the plea agreement knowing that he could receive up to ten years imprisonment. Although a statutory maximum, the ten-year limit operated as a specific cap in this instance.
Further, we find this case unlike that encountered in State v. Jordan, 98-101 (La.App. 3 Cir. 6/3/98), 716 So.2d 36; wherein we determined that, since the statute did not clearly indicate that review was prohibited, the sentence should be reviewed in the interest of justice. As here, the defendant in Jordan entered a guilty plea to a reduced charge, thereby reducing his sentencing exposure. However, in that case, unlike here, part of the plea agreement was that the parties would jointly recommend a specific sentence, three years. Despite this recommendation, the trial court imposed a seven-year sentence, the statutory maximum available for the charge. Thus, it was unclear’ whether the defendant had been sentenced in *735 accordance with the plea agreement. We find that, in the instant matter, the defendant was clearly sentenced in conformity with the plea agreement. Therefore, review is precluded by La.Code Crim.P. art. 881.2(A)(2).
This assignment lacks merit.[1]
|6Pecree
For the foregoing reasons, the defendant’s sentence is affirmed.
AFFIRMED.

. In accordance with La.Code Crim.P. art. 920, we have reviewed this matter for errors patent on the face of the record.' Our review reveals no such errors.