741 So.2d 696 (1999)
STATE of Louisiana
v.
Eric P. PICKENS, Defendant-Appellant.
No. CR98-1443.
Court of Appeal of Louisiana, Third Circuit.
April 28, 1999.
Writ Denied November 5, 1999.
*697 William E. Tilley, Leesville, for State of La.
Alvin Charles Dowden, Jr., Leesville, Terry W. Lambright, Pitkin, for Eric L. Pickens.
EN BANC.
WOODARD, Judge.
Eric L. Pickens (the Defendant) was arrested on August 31, 1997, in connection with a homicide that occurred on or about August 25, 1997. The Defendant was charged by grand jury indictment for second degree murder, a violation of La.R.S. 14:30.1. Pursuant to a plea agreement reached with the State on February 4, 1998, he pled guilty to manslaughter, a violation of La.R.S. 14:31. On August 21, 1998, the he was sentenced to the maximum sentence of forty years with the Louisiana Department of Corrections. He filed a motion to reconsider sentence on August 28, 1998, which was denied without a hearing on the same day. The Defendant appeals. We affirm.

FACTS
On August 25, 1997, Eric Pickens, Johnny Evans, Jr., and Ernest Lee Prater traveled to Vernon Park Spillway in a Honda Accord owned by Evans. As reported to investigating officers, this location was arranged to complete a drug purchase transaction, and if the seller appeared alone, the group was prepared to take additional violent measures, if necessary, to steal the drugs. As the three awaited the seller's arrival outside of the vehicle, Evans struck Earnest Prater from the rear with a baseball bat. After obtaining the bat from Evans, the Defendant struck the victim seven to ten times in the face and head. He, then, took a handgun from Evans and shot the victim while he lay on the ground.

LAW
The Defendant contends that the trial court erred in imposing a sentence which was unconstitutionally excessive in violation of the U.S. Const. amend. VIII and La. Const. art. I, § 20.

ERRORS PATENT
In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After *698 reviewing the record, we find that there are no errors patent.

EXCESSIVE SENTENCE
The Defendant urges that the trial court erred in imposing an excessive sentence. In exchange for his truthful testimony against the co-defendant, Evans, the Defendant was allowed to plead guilty to the reduced charge of manslaughter. Pursuant to the open-ended plea agreement reached with the State, he was sentenced to forty years imprisonment with the Louisiana Department of Corrections. Although forty years is the maximum allowable sentence for manslaughter, it is considerably less than the mandatory term of life imprisonment which he would have received had he been convicted of second degree murder, the charged offense. Thus, he received a considerable benefit in the form of reduced sentencing exposure because of the agreement reached with the district attorney.
This court sat en banc in the above-captioned matter to resolve an internal conflict of whether La.Code Crim.P. art. 881.2 prohibits review of a sentence when no sentencing recommendation was made but where the record, at the time of the plea, clearly establishes that the defendant entered into a plea agreement to plead to a reduced charge. Article 881.2 prohibits review of a sentence imposed pursuant to an agreed upon, definite and specific sentence, or a sentencing "cap," which is a maximum sentence agreed upon by both parties and accepted by the court. State v. Young, 96-195 (La.10/15/96); 680 So.2d 1171.
The debate arises when no definite sentence or maximum is specified in the plea agreement or presented to the court. Namely, our controversy boils down to the meaning of "plea agreement" as it pertains to sentencing. Is the plea agreement to be only that sentence or sentencing range which the parties specify on the record, evidencing the defendant's intent and knowledge to be sentenced in accordance therewith, or is the legislature's maximum sentence intended by the parties to operate automatically as an inherent "cap" when the parties fail to specify a specific sentence, or sentencing range, but the defendant agrees to plead to a reduced charge, thereby lessening his sentencing exposure? If the latter is true, it is arguable that the statutory maximum sentence for a particular offense acts as a "legislatively authorized cap" and, therefore, Article 881.2 would preclude review.
La.Code Crim.P. art. 881.2(A)(2) states:
The defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea.
In State v. Young, 96-195, p. 5 (La.10/15/96); 680 So.2d 1171, 1174, the Louisiana Supreme Court determined that Article 881.2(A)(2) applies to "plea agreements involving both specific sentences and sentencing caps." Clearly, if the state and defendant bargain for a specific sentence or sentencing range, and the court imposes that sentence, review is precluded. State v. Watkins, 97-364 (La.App. 3 Cir. 10/8/97); 700 So.2d 1172.
However, the law is not so clear when a defendant pleads to a lesser offense in a plea bargain, and then, is sentenced to the maximum for that lesser offense. In that situation, the defendant is clearly given a "benefit" in that he faces a less onerous sentence in return for his guilty plea. However, that benefit should not automatically bar review of every sentence imposed pursuant to such a plea. We also note that following the reasoning, in all cases when there is no expression in the plea bargain regarding sentence, that because the state agrees to permit the defendant to plead to a lesser charge from which the defendant benefits, since the sentencing exposure is reduced, that review of the sentence is precluded threatens a fundamental safeguard; namely, that the defendant will be charged according to the evidence in the case and not for a greater offense in order *699 to achieve an advantage with a subsequent plea bargain.
This court has previously addressed this situation of a defendant pleading guilty to a reduced charge in State v. Goodman, 96-376, p. 4 (La.App. 3 Cir. 11/6/96); 684 So.2d 58, 61 and concluded:
The "cap" discussed at sentencing was a clarification of the law for Goodman's benefit, not a reference to a specific term deemed part of the plea agreement. Nevertheless, the state contends that "any agreement regarding pleading either for a specific sentence or to an amended charge is a plea agreement." Notwithstanding the veracity of that statement, the state ignores the clear purpose of the statute. A fair reading of the statute indicates that the limitation applies when a specific sentence or sentencing range is agreed to by both parties as part of a plea agreement, and is judicially recognized at the sentencing hearing. Read in this manner, the statute prevents a defendant from appealing a specific sentence to which he had previously agreed in order to receive a lesser conviction. In other words, the statute conserves judicial resources by not allowing a defendant to change his mind about the agreement after sentence is imposed. If one reads the statute in the manner suggested by the state, any defendant who pleads to a lesser charge for whatever reason would not be allowed to seek review of an imposed sentence on appeal.
Another case where this issue was thoroughly discussed is State v. Jordan, 98-101 (La.App. 3 Cir. 6/3/98); 716 So.2d 36. In Jordan, the defendant was charged with three offenses which, if convicted on the charges, could have resulted in sentences totaling fifty years. By pleading guilty to one count, with the other two being dismissed, he was faced with a possible sentence of only seven years, which was the statutory maximum sentence for the offense to which he pled. There, this court discussed whether La.Code Crim.P. art. 881.2(A)(2) precluded review of a sentence when the defendant pled guilty to a reduced charge and was sentenced within the sentencing range of the reduced charge. This court stated that "[i]n view of this reduction of the charges, the one remaining charge may be seen to operate as a sentencing cap as it reduced the defendant's exposure from a total possible sentence of fifty years to a possible sentence of seven years, the statutory maximum for the charge to which he pled guilty." Id. at 38. Although the court stated that article 881.2(A)(2) could be interpreted to preclude review of Jordan's sentence, the court decided that "in the interest of justice," it would review the sentence, "particularly in light of the fact that the plea colloquy ... evidences only that the defendant was informed that he was waiving his right to appeal his conviction and not that he was generally waiving all rights to appeal." Id. at 39. This court concluded by stating, "the reasoning of Goodman would appear to safeguard the defendant's right to review in an instance where, as here, the defendant was sentenced within the statutory limits, but to a term which exceeds the recommended sentence for which the parties bargained." Id.
This court has repeatedly concluded that a defendant is entitled to appellate review, even if a recommended sentence was given to the judge, and the judge elected to impose the statutory maximum for the reduced charge. See State v. Miller, 98-152 (La.App. 3 Cir. 10/7/98); 731 So.2d 554; State v. Johnson, 98-417 (La.App. 3 Cir. 10/7/98); 731 So.2d 552; State v. Walker, 98-612 (La.App. 3 Cir. 10/28/98); 731 So.2d 556. By following Jordan and Goodman, this court has given defendants a right of review even when they plead to lesser charges than those originally cited in the information or indictment.
The Louisiana First Circuit Court of Appeal has also adopted this approach. In State v. Raymond, 97-202, pp. 2-3 (La. *700 App. 1 Cir. 2/20/98); 708 So.2d 1156, 1157, the court stated:
The state argues that the defendant's agreement to plead guilty to the reduced charge of aggravated battery, with the correspondingly reduced penalty exposure of a maximum sentence of ten years, had the effect of acting as a sentencing cap. Under State v. Young, 96-0195 (La.10/15/96), 680 So.2d 1171, a sentencing cap is a type of plea agreement contemplated by La.Code of Crim.P. art. 881.2 A(2). Article 881.2 A(2) provides that the "defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea." Therefore, the defendant should be precluded from seeking appellate review of his sentence under La.Code Crim.P. art. 881.2 A(2). We decline to extend Young to interpret a simple plea to a reduced charge as an "on the record" sentencing "cap" plea agreement. In the instant case, there was no mention of a sentencing cap. In our view, the mere act of entering a guilty plea to a reduced charge, without specific reference to an agreed upon sentence, sentencing range, or sentencing cap, did not act as a de facto sentencing cap foreclosing appellate review of any subsequent sentence.
(Footnote omitted.) See also State v. Fairley, 97-1026 (La.App. 1 Cir. 4/8/98); 711 So.2d 349.
We concede that there are opinions rendered in this court where the Jordan/Goodman line of reasoning was abandoned in favor of the more conservative view adopted in State v. Gobert, 98-42 (La.App. 3 Cir. 10/7/98); 720 So.2d 732, in which this court distinguished Jordan and found that La.Code Crim.P. art. 881.2(A)(2) precluded review of the defendant's sentence. In Gobert, the defendant pled guilty to a reduced charge, thereby, reducing his sentencing exposure. No agreement was made, however, to a specific sentence or sentencing range. Nevertheless, this court found that the reduction in exposure could be seen to operate as a sentencing cap. In reaching this conclusion, the court discussed and declined to follow Goodman, 684 So.2d 58. Rather, the court decided to follow State v. Watkins, 97-364 (La.App. 3 Cir. 10/8/97); 700 So.2d 1172, wherein this court distinguished Goodman, determining that "La. Code Crim.P. art. 881.2(A)(2) does not always preclude review of a sentence when the only sentencing cap is that attendant to a reduced charge." State v. Gobert, 98-42, p. 4 (La.App. 3 Cir. 10/7/98), 720 So.2d 732, 734. Gobert further explained the court's holding in Watkins as follows:
As in Goodman, no specific sentence or sentencing range was recommended by the parties in Watkins. However, in Watkins, the court found that review was precluded since the defendant clearly recognized that the statutory maximum penalty was the most he could receive and understood that this acted as a cap.
Id. at 734. The court in Gobert concluded that its case was analogous to Watkins:
We conclude that the instant matter is analogous to that presented in Watkins, 97-364, 700 So.2d 1172. Here, the defendant clearly benefitted from a reduction of his sentencing exposure from sixty years to ten years. Furthermore, the plea agreement form signed by the defendant and entered into the record specifies that the defendant could be sentenced up to ten years and, further, that a presentence investigation was ordered. Therefore, as in Watkins, we find that the defendant entered into the plea agreement knowing that he could receive up to ten years imprisonment. Although a statutory maximum, the ten-year limit operated as a specific cap in this instance.
Id. at 734. The court then distinguished Jordan by stating:
Further, we find this case unlike that encountered in State v. Jordan, 98-101 (La.App. 3 Cir. 6/3/98); 716 So.2d 36, *701 wherein we determined that, since the statute did not clearly indicate that review was prohibited, the sentence should be reviewed in the interest of justice. As here, the defendant in Jordan entered a guilty plea to a reduced charge, thereby reducing his sentence exposure. However, in that case, unlike here, part of the plea agreement was that the parties would jointly recommend a specific sentence, three years. Despite the recommendation, the trial court imposed a seven-year sentence, the statutory maximum available for the charge. Thus, it was unclear whether the defendant had been sentenced in accordance with the plea agreement. We find that, in the instant matter, the defendant was clearly sentenced in conformity with the plea agreement. Therefore, review is precluded by La.Code Crim.P. art. 881.2(A)(2).
Id. 734-735.
However, the Gobert/Watkins line of cases are not the norm, and in most cases, this court chooses to review such sentences imposed pursuant to plea bargains without recommended sentences or sentencing ranges.
Criminal laws are not expanded beyond their common meaning. La.R.S. 14:3. Criminal statutes are to be strictly construed. Any doubt or ambiguity is resolved in favor of the accused and against the state. State ex rel. Mims v. Butler, 601 So.2d 649 (La.1992); State v. Badie, 626 So.2d 46 (La.App. 1 Cir.1993). "Because a plea bargain is a contract between the state and the accused, the Louisiana Supreme Court directs appellate courts to evaluate plea agreements under the Louisiana Civil Code rules of obligations." State v. Planco, 96-812, p. 5 (La.App. 3 Cir. 3/26/97); 692 So.2d 666, 669.
In the instant case, at the very least, there is an ambiguity, not in the sentence imposed, but the fact that the defendant loses his right to appeal. It should be noted that every defendant has a right to appeal, provided the case is triable by a jury. La.Code Crim.P. art. 912.1.
In addition, La. Const. art. 1, § 19 states, in part:
No person shall be subjected to imprisonment or forfeiture of rights or property without the right of judicial review based upon a complete record of all evidence upon which the judgment is based. This right may be intelligently waived.
A defendant may waive his right to appeal, either expressly or impliedly, but that waiver must be knowing and voluntary. An implied waiver occurs when a defendant is told of his right to appeal by a trial court, but he chooses not to take the appeal within the time limits prescribed by law. It is express if a defendant is told that he has the right to appeal and he says in court, "I waive my right to appeal."
In addition, when a defendant pleads guilty pursuant to a plea bargain, jurisprudence traditionally holds that he is waiving only the right to appeal his conviction. State v. Wilburn, 591 So.2d 1255, 1256 (La.App. 3 Cir. 12/18/91), writ denied, 613 So.2d 970 (La.1993); State v. Lawson, 95-1604, p. 3 (La.App. 1 Cir. 12/20/96); 684 So.2d 1150, writ denied, 97-191 (La.6/13/97); 695 So.2d 986.
In the case sub judice, the Defendant was not told he was waiving his right to appeal by pleading guilty to the reduced charge. The court was silent on the issue of the appeal of his sentence. Thus, because he did not specifically waive his right to appeal his sentence, he should not be prohibited from exercising this right.
Furthermore, in Young, 680 So.2d 1171, the supreme court looked to the legislative history and comments to the Louisiana Felony Sentencing Guidelines and other implementing legislation to determine whether Article 881.2 barred review of sentences imposed pursuant to guilty pleas with a sentencing cap. Young states:
La.S.G. § 301(A) and (B) anticipated a plea agreement in which the defendant *702 could plead guilty in exchange for imposition of a sentence within a grid cell or for a specific sentence. Comment (3) to La.S.G. § 301 explained `[t]he defendant cannot appeal from a sentence imposed in conformity with a plea agreement set forth in the record. See LSA-C.Cr.P. art. 881.2(A)(2).' This comment shows the legislature clearly intended for 881.2(A)(2) to preclude review of all plea bargains that are set forth in the record.
Id. at 1174. (Footnote omitted.)
Although the opinion precluded review of "all plea bargains that are set forth in the record," at the end of the opinion, the supreme court concludes that "it is clear the legislature intended La.Code Crim. P. art. 881.2(A)(2) to apply to plea agreements involving both specific sentences and sentencing caps." Id. at 1174-75.
The Introduction to the Louisiana Sentencing Guidelines Manual, 1994 edition states:
[A] sentence in a particular case, which is acceptable to the prosecutor, defense counsel, and the trial court, should not be subjected to scrutiny by a reviewing court.... A court may, but is not required to, consider the designated sentence range of the offender and the typicality of the case in deciding whether or not to accept a guilty plea with a recommended sentence. If the recommendation is made part of the record of the plea, and the sentence falls within the scope of the recommendation, the sentence is unreviewable under ... Article 881.2.
Id. at pp. 9-11.
These comments are useful, because they explain that when the sentencing guidelines were adopted, they were not meant to change the law on acceptance of guilty pleas. Obviously tracking the express language of Article 881.2(A)(2), these comments specifically prohibit review of all guilty pleas with sentence recommendations set forth in the record, but if no specific sentence or sentencing cap is agreed upon and set forth in the record, review is not precluded. Therefore, because the language of the statute is not clear and is ambiguous as to whether the legislature intended "plea agreement" "as set forth in the record" to require an express statement regarding sentence, this court should look to the intent of the legislature when determining whether review of a sentence is warranted, when such a sentence is imposed pursuant to a guilty plea, wherein the defendant pled to reduced charges and lessened his sentencing exposure.
The statute does not clearly and unambiguously state that in any plea situation, a defendant loses his right to appeal. We note that the supreme court has held that only in the very limited circumstance where the defendant bargains for and agrees to a specific sentence or sentencing cap, is review precluded. The supreme court has not yet extended the Young approach to any and all plea bargains. Thus, because any ambiguity should be resolved in favor of the defendant and against the state, we will review Defendant's sentence. Further, we hold that review is required in open-ended pleas as here, because appeals are favored and there is a constitutional right in Louisiana to an appeal. State v. Simmons, 390 So.2d 504 (La.1980).
The Defendant motioned the trial court to reconsider his sentence, in which he stated that the sentence was "excessive and improper." He failed to address in that motion specific reasons why the imposition of a forty-year sentence was offensive. However, in brief to this court, he contends that the trial court exercised an abuse of discretion in failing to consider his assistance to law enforcement in this case, his relatively young age, the absence of a felony record, and that he testified against his codefendant. Because he did not reserve particular claims of excessiveness in his Motion to Reconsider Sentence, his particular claims of excessiveness are not properly before the court at this juncture; therefore, his claim of excessiveness *703 will be limited to a claim of unconstitutional excessiveness. La.Code Crim.P. art. 881.1(D); State v. Tate, 95-1152 (La.App. 3 Cir. 3/6/96); 670 So.2d 671.
The sentence imposed was the maximum which could be imposed but within the statutory limitations for a conviction of manslaughter. In imposing sentence, the trial court offered as reasoning:
Very well. The court considered the sentencing guidelines in Article 894.1. This Defendant, along with Johnny Evans, Jr., took this victim to Lake Vernon Spillway for the alleged purpose of meeting someone to purchase drugs. According to the Defendant, the victim exited the vehicle first, then Johnny Evans, Jr. got out of the vehicle and approached the victim from behind and struck him with a baseball bat knocking him to the ground. Further, according to the Defendant, Johnny Evans handed him the bat and this defendant struck the victim while on the ground seven to ten times about the head. Then, further according to this defendant's testimony, Johnny Evans, Jr. handed him a gun and asked him to finish it. This defendant then shot the victim, the bullet believed to have struck the victim while he was on the ground in the arm.
Mr. Pickens, you have received a considerable amount of leniency so far, perhaps through the diligent efforts of your attorney, Mr. Dowden, or it may just have been luck but in any event, it's the sentence of this court that you serve forty years at hard labor with the Louisiana Department of Public Safety and Corrections with credit for time served.
Although the court gave limited reasons for the imposition of sentence, the sentence imposed does not shock the conscious of this court. It is recognized that a sentencing court is not required to articulate every aggravating and mitigating circumstance when imposing sentence as long as the record establishes that it adequately considered legal guidelines and facts present within the record.
The record establishes a sufficient factual basis for the imposition of the forty-year sentence. Before the court at sentencing were the sentencing guidelines under La. Code Crim.P. art. 894.1, the Defendant's record, exculpatory and inculpatory statements made by both defendants, the guilty plea and a multitude of physical evidence, defining the serious nature of this violent drug related crime. Official statements made by both Johnny Evans, Jr. and the Defendant indicated that the victim had an active relationship as a confidential informant with the narcotics officers in the area and that this may have been the primary motivation for the attack. As recognized by the sentencing court, the Defendant pled guilty and received considerable leniency prior to sentencing and, additionally, he received a considerable benefit in the form of reduced sentencing exposure due to the plea agreement reached with the State. See State v. Lanclos, 419 So.2d 475 (La.1982). Although he had a limited criminal history, under the circumstances and the particularly heinous nature of the crime, the sentence imposed is not excessive.

CONCLUSION
The imposition of a forty-year sentence, although the maximum allowable, is appropriate in light of the record and the facts.
AFFIRMED.
AMY, J., CONCURS IN THE RESULT AND ASSIGNS REASONS.
YELVERTON, J., DISSENTS AND ASSIGNS WRITTEN REASONS
DOUCET, C.J., and DECUIR and PETERS, JJ., DISSENT FOR THE REASONS ASSIGNED BY YELVERTON, J.
THIBODEAUX, J., DISSENTS IN PART, BELIEVING THAT THE FORTY-YEAR SENTENCE IS EXCESSIVE FOR THE ACCUSED WHO HAS A "LIMITED CRIMINAL HISTORY."
*704 AMY, J., concurring in the result.
I agree with much that is said by the majority. Further, I agree with the ultimate conclusion that review is warranted in this case and that the sentence imposed is not excessive. I respectfully dissent, however, from that portion of the opinion wherein the majority concludes that La. Code Crim.P. art. 881.2(A)(2) is inapplicable to a plea bargain where no specific sentence or sentencing range is bargained for, but, rather, the defendant's sentencing exposure is reduced by the plea agreement. In my opinion, there is no appreciable substantive difference between a specifically articulated cap and a cap which operates by reduced exposure. See State v. Gobert, 98-42 (La.App. 3 Cir. 10/7/98); 720 So.2d 732. Notwithstanding my view that a reduction in sentencing exposure may trigger application of the statute, I am able to concur in the result reached by the majority, as I feel that review is warranted under the specific facts of this case.
In my opinion, Article 881.2(A)(2) is a preliminary consideration in any case in which a defendant has entered a plea pursuant to a plea agreement and asks this court for review of the imposed sentence. Whether this court is able to review the sentence as requested, however, depends upon a variety of factors that I believe must be considered in light of the important rights at issue. For example, the statute provides that review of a sentence is precluded in the event that the sentence imposed is in conformity with the plea agreement. It was this issue, whether the sentence was imposed in conformity with the agreement, that was critical to the determination that review was required in State v. Jordan, 98-101 (La.App. 3 Cir. 6/3/98); 716 So.2d 36. In that case, the defendant entered a guilty plea to a reduced charge and was sentenced to the statutory maximum, seven years. However, the prosecutor had recommended a lesser sentence of three years. Thus, it was unclear whether the sentence imposed was in conformity with the plea agreement, i.e., did the agreement require only the recommendation by the State or did it require that the sentence not exceed that recommended. Finding it unclear, along with other considerations discussed below, the panel in Jordan found the circumstances unique and requiring review. See also State v. Hardaway, 98-104 (La.App. 3 Cir. 6/3/98); 715 So.2d 507 (Amy, J., concurring), writ denied, 98-1888 (La.11/13/98); 730 So.2d 930. While, in the instant matter, there is no question that the sentence imposed was in conformity with the plea agreement, and that the plea agreement introduced a limit to the sentencing exposure of the defendant by the lower penalty of the reduced charge, I find that other, constitutional, issues require review of the sentence.
My reading of Article 881.2(A)(2) indicates legislative recognition that, by entering into a plea agreement, a defendant is, in effect, waiving the appellate rights afforded him by La. Const. art. I, § 19. This article of the constitution provides that "No person shall be subjected to imprisonment or forfeiture of rights or property without the right of judicial review based upon a complete record of all evidence upon which the judgment is based. This right may be intelligently waived." (Emphasis added.) Thus, in my opinion, the mere existence of a plea agreement, which gives rise to consideration of the applicability of Article 881.2(A)(2), does not necessarily act as a waiver of a defendant's right of review. Rather, this right must be intelligently waived, i.e., the defendant must be apprized, in some way, that the plea agreement will preclude further review generally. This consideration can be seen in Jordan, 98-101, 716 So.2d 36, wherein we observed that the trial court informed the defendant that, by entering a guilty plea, he was waiving the right to appeal his conviction rather than waiving his appellate rights generally. This consideration was, of course, only one factor leading to the Jordan panel's conclusion that review was required. It is this issue, *705 the lack of waiver of appellate rights, that, in my view, requires review of the defendant's sentence in the instant matter.
My review of the record in the instant matter reveals that the defendant was not advised that he was waiving his appellate rights. Furthermore, at the time of sentencing, the defendant was advised of the applicable appellate delay, indicating that he retained the right to appeal. In my opinion, since there has been no demonstration that the defendant intelligently waived this right, the constitutional right remains and cannot be superseded by Article 881.2(A)(2)'s statutory prohibition of review.
In sum, while I find that La.Code Crim.P. art. 881.2(A)(2) may operate in a circumstance where a reduction in sentencing exposure operates as a sentencing cap, I find that other considerations may require review. Given the lower court's failure to advise the defendant of his appellate rights, and the fact that he was waiving them by entering into the plea agreement, I conclude that the defendant's sentence must be reviewed. Having performed such a review, I concur with the majority's finding that the sentence imposed in the instant matter is not excessive.
YELVERTON, J., dissenting.
Defendant is precluded from appealing his sentence. We all agree that there was a plea agreement in this case. The defendant was charged with second degree murder facing a mandatory penalty of life imprisonment, and he pled guilty to manslaughter with a lesser maximum penalty of 40 years. In exchange for his plea he got the benefit of a reduced sentencing exposure, or range, or cap. The trial judge carefully explained this to the defendant, telling him he would get "not more than 40 years" and "[y]ou understand that the sentence in your case is zero to forty (40) years?" The defendant replied, "Yes sir."
Furthermore, the plea agreement was set forth in the record at the time of the plea. The grand jury indicted Pickens for second degree murder. The defendant's counsel at the plea stated for the record that the tender of the plea of guilty to the offense of manslaughter was pursuant to negotiations with the State. At the sentencing the judge stated that the defendant had originally been charged with second degree murder and that he had received a considerable amount of leniency already. The trial judge explained during the guilty plea the maximum exposure as a result of the plea. Thus, the reduction of the charge was a part of the plea agreement, and it was set forth in the record at the time of the plea.
That Pickens' plea was induced by a reduction of charges makes it no less a plea agreement. That the reduction of charges placed a range or cap on his sentencing exposure equal to the maximum for the reduced charge makes it no less a cap. The tangible benefit of a cap as a plea inducement is not the hope of getting less, but the assurance of not getting more.
When the Supreme Court granted certiorari and decided State v. Young, 680 So.2d 1171, its stated purpose was to resolve a conflict among the circuits and determine whether the prohibition on appealing a sentence that is the result of a plea bargain contained in La.Code Crim.P. art. 881.2(A)(2) encompasses plea agreements involving sentencing caps as well as specific sentences. The Supreme Court concluded that it does. We are bound by its decision. We have no authority to change the law of Young.
The first two decisions that this circuit published involving plea agreements and sentencing caps after the enactment of Article 881.2(A)(2) were State v. Laroux, 93-719 (La.App. 3 Cir. 2/2/94); 631 So.2d 730, writ denied, 94-0577 (La.6/3/94); 637 So.2d 498, and State v. Countee, 94-1569 (La.App. 3 Cir. 5/31/95); 657 So.2d 374, writ denied, 95-2501 (La.2/2/96); 666 *706 So.2d 1086. In these decisions the cap on the bargained plea was the maximum for the reduced charge, and we held that the sentences were not reviewable. Laroux and Countee were decided before Young, and both were cited and implicitly approved by the Supreme Court in Young. The present en banc decision makes no mention at all of Laroux and Countee. Instead, it relies on Jordan and Goodman as the law of this circuit, and Jordan and Goodman are contrary to Laroux and Countee. Our disregard of Laroux and Countee can only be seen as an implicit rejection of decisions that the Supreme Court has approved.
The legislature by means of the statute and the Supreme Court by means of Young have limited our review authority over plea-bargained sentences. In a sense, they have told us that our judicial time will be better spent on other appeals. Nevertheless, this en banc decision substitutes our opinions in Jordan and Goodman as the appropriate standard and declares that "this court has given defendants a right of review even when they plead to lesser charges than those originally cited in the information or indictment." This is a sweeping new rule, and to follow it we will have to exempt all reduction-of-charge plea bargains from the prohibition of review. The Young decision was intended to settle the law and include plea agreements involving sentencing caps. I fear that this circuit is now trying to remove a substantial volume of plea agreements from the rule of Young. We have made a maverick decision to give defendants a right of review where both the legislature and our Supreme Court have declared that none exists. I respectfully dissent.