NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

14-237

STATE OF LOUISIANA

VERSUS

CHRISTOPHER I. SHELTON

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
TENTH JUDICIAL DISTRICT COURT
PARISH OF NATCHITOCHES, NO. 19261
HONORABLE ERIC R. HARRINGTON, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

PHYLLIS M. KEATY
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Elizabeth A. Pickett, James T. Genovese, and Phyllis M. Keaty, Judges.

AFFIRMED; REMANDED WITH INSTRUCTIONS.

Van H. Kyzar
District Attorney
Post Office Box 838
Natchitoches, Louisiana 71458-0838
(318) 357-2214
Counsel for Appellee:
     State of Louisiana

**Brent A. Hawkins**
**Louisiana Appellate Project**
**Post Office Box 3752**
**Lake Charles, Louisiana  70602-3752**
**(337) 502-5146**
**Counsel for Defendant/Appellant:**
       **Christopher I. Shelton**

**KEATY, Judge.**

Defendant, Christopher Shelton, appeals his manslaughter conviction pursuant to a plea agreement. For the following reasons, we affirm and remand with instructions.

## PROCEDURAL BACKGROUND

Bobby Arterberry was killed as a result of blunt force trauma to the head. On October 4, 2012, Defendant was charged with second degree murder of Arterberry, a violation of La.R.S. 14:30.1. Defendant initially pled not guilty. As part of a plea agreement, however, the State subsequently amended the charge to manslaughter, a violation of La.R.S. 14:31. Defendant thereafter entered a guilty plea. On November 5, 2013, Defendant was sentenced to serve twenty-five years at hard labor and to pay $5,733.00 for the victim's medical bills and funeral expenses. Defendant subsequently appealed.

On appeal, Defendant contends the trial court erred by failing to have the State provide a factual basis for the offense to which he pled guilty. As such, Defendant alleges that his guilty plea was not knowingly and voluntarily given.

## DISCUSSION

### *Errors Patent*

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find that there are no errors patent. However, we find that the sentencing commitment order requires correction.

The sentencing transcript indicates that the court, after imposing a twenty-five year hard labor sentence, stated:

Manslaughter is listed as a crime of violence, as per the provisions of Louisiana Code of Criminal Procedure Article 14.2. As a result, your parole eligibility is to be determined by the Department of Corrections pursuant to RS 15:574.4B1 which requires that you serve at least 85% of your sentence before being eligible for parole.

The sentencing minutes state:

THE COURT ADVISED DEFENDANT MANSLAUGHTER IS LISTED AS A CRIME OF VIOLENCE AS PER THE PROVISIONS OF LOUISIANA CODE OF CRIMINAL PROCEDURE ARTICLE 14.2. THE COURT ADVISED DEFENDANT AS A RESULT, HIS PAROLE ELIGIBILITY IS TO BE DETERMINED BY THE DEPARTMENT OF CORRECTIONS PURSUANT TO R.S. 15:574.4B(1), WHICH REQUIRES THAT HE SERVE AT LEAST 85% OF HIS SENTENCE BEFORE BEING ELIGIBLE FOR PAROLE.

The commitment order contains a section titled "Special Comments, Program Participations or Instructions" under which appears the following:

Defendant is give [sic] years without benefit of probation, parole or suspension of sentence

√ Defendant is given credit for time served from date of initial arrest til [sic] today for each day defendant actually served

√ Other: [handwritten] Δ to serve 85% before eligible for parole[.]

We find that the trial court minutes accurately reflect the sentencing transcript regarding the trial court's comments regarding parole eligibility. Specifically, the trial court *advised* Defendant that his parole eligibility is to be determined by the Department of Corrections pursuant to La.R.S. 15:574.4(B)(1), which requires service of at least eighty-five percent of the sentence before being eligible for parole.[1] We find that the commitment order, however, may be

---

[1] Prior to its repeal in 1997, La.Code Crim.P. art. 894.1(D) required the sentencing court, immediately after imposing a felony sentence, to advise the offender in open court:

(4) Whether, pursuant to the provisions of R.S. 15:574.4(A)(1) and (3) and (B), the offender is subject to parole eligibility.

2

misconstrued by suggesting that the *trial court restricted* parole eligibility since it only noted that Defendant was to serve "85% before eligible for parole." Thus, we order the trial court to correct the commitment order to accurately reflect the sentencing transcript by stating that "parole eligibility is to be determined by the Department of Corrections pursuant to La.R.S. 15:574.4(B)(1), which requires that Defendant serve at least 85% of his sentence before being eligible for parole."

## *Assignment of Error*

Defendant contends the trial court erred by failing to have the State provide a factual basis for the offense to which he pled guilty. As a result, Defendant alleges that his guilty plea was not knowingly and voluntarily given. In opposition, the State contends that Defendant waived review of the alleged error through his plea agreement.

The following exchange occurred during the plea colloquy:

THE COURT: All right. Ms. Sylvester, is there a sound factual basis evidencing the commission of this crime?

MS. SYLVESTER: Yes Sir.

THE COURT: And Mr. Methvin, you're the attorney for the defendant?

MR. METHVIN: I am.

THE COURT: Have you heard the questions I have asked him?

MR. METHVIN: I have.

THE COURT: Is it your opinion from the facts stated to you by the defendant that all elements that constitute the crime of manslaughter are present?

---

(5) The prospective parole eligibility date of the offender should he be eligible for parole pursuant to R.S. 15:574.4 et seq., to the extent that the court shall advise the offender that he may be eligible for release upon serving the certain percentage of his sentence as provided by law.

MR. METHVIN: It is.

Based upon the above, we find no factual basis for the offense was provided at the time Defendant entered his plea. Thus, we must determine whether Defendant waived review of this alleged error.

During the exchange between the trial court and Defendant, the trial court discussed the form entitled "Plea Agreement." The Plea Agreement stated, in pertinent part:

> (3)     By accepting this plea agreement, the defendant waives, releases and relinquishes any and all rights to appeal the conviction resulting from this plea agreement, whether on direct appeal or by application for post-conviction relief motion to modify sentence, motion to correct sentence, application for habeas corpus relief, or otherwise. The defendant reserves the right to appeal the actual sentence imposed herein.
>
> (4)     By accepting this plea agreement, defendant asserts that he/she is fully satisfied with the services and assistance rendered by his/her counsel and has had sufficient time to confer with counsel concerning his/her case and this plea agreement. By accepting this plea agreement, defendant acknowledges that his/her counsel has performed adequately and competently, securing a satisfactory plea agreement and resolution of defendant's criminal case(s). By accepting this plea agreement, defendant waives, releases and relinquishes any claim or right to appeal this matter, whether on direct appeal or by application for post-conviction relief, application for habeas corpus relief, or otherwise on a claim of ineffective assistance of counsel. Defendant reserves his right to appeal the sentence imposed herein.

Defendant indicated that he reviewed the form with his attorney before he signed it. The trial court then stated the following:

> You waive the right to appeal your conviction. You reserve the right to appeal your sentence resulting from this plea agreement whether by direct appeal, post conviction relief, or by any other available motion. So, you will absolutely have the right to appeal your sentence, but not your conviction.

4

Defendant stated he understood this. The trial court then signed and dated the Plea Agreement and entered it into the record. The form was also signed by Defendant and defense counsel.

At the sentencing hearing, Defendant was again informed by the trial court that he waived his right to appeal his conviction.

> A defendant may waive his right to appeal, either expressly or impliedly, but that waiver must be knowing and voluntary. An implied waiver occurs when a defendant is told of his right to appeal by a trial court, but he chooses not to take the appeal within the time limits prescribed by law. It is express if a defendant is told that he has the right to appeal and he says in court, "I waive my right to appeal."
>
> In addition, when a defendant pleads guilty pursuant to a plea bargain, jurisprudence traditionally holds that he is waiving only the right to appeal *his conviction*.

*State v. Pickens*, 98-1443, pp. 7-8 (La.App. 3 Cir. 4/28/99), 741 So.2d 696, 701, *writ denied*, 99-1577 (La. 11/5/99), 751 So.2d 232, and *writ denied*, 01-2178 (La. 4/19/02), 813 So.2d 1081 (citations omitted).

Both the signed plea form and colloquy are void of any suggestion that Defendant's guilty plea was made subject to the reservation of appellate review of his conviction. Notably, Defendant expressly waived his right to appeal his conviction. Thus, Defendant may not seek review of his guilty plea on the basis that there was no factual basis to support the plea. Furthermore, a defendant generally "waives the right to question the merits of the State's case or the underlying factual basis by entering a plea of guilt." *State v. Johnson*, 04-1266, p. 6 (La.App. 3 Cir. 2/2/05), 893 So.2d 945, 950.

Accordingly, Defendant's conviction is affirmed.

**DECREE**

Defendant's conviction is affirmed. The trial court is ordered to correct the commitment order to accurately reflect the sentencing transcript by stating that "parole eligibility is to be determined by the Department of Corrections pursuant to La.R.S. 15:574.4(B)(1), which requires that Defendant serve at least 85% of his sentence before being eligible for parole."

**AFFIRMED; REMANDED WITH INSTRUCTIONS**.

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2–16.3.