NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

23-514

STATE OF LOUISIANA

VERSUS

TERRANCE HUDSON

**********

APPEAL FROM THE
THIRTY-THIRD JUDICIAL DISTRICT COURT
PARISH OF ALLEN, NO. 2021-0629
HONORABLE E. DAVID DESHOTELS, DISTRICT JUDGE

**********

CHARLES G. FITZGERALD
JUDGE

**********

Court composed of Elizabeth A. Pickett, Charles G. Fitzgerald, and Wilbur L. Stiles, Judges.

AFFIRMED.

**G. Paul Marx**
**Post Office Box 82389**
**Lafayette, Louisiana 70598**
**(337) 237-2537**
**Counsel for Defendant/Appellant:**
 **Terrance Hudson**


**Joe Green**
**District Attorney,**
**Thirty-Third Judicial District**
**Stacey C. Naquin**
**Assistant District Attorney**
**Post Office Box 839**
**Oberlin, Louisiana 70655**
**(337) 639-2641**
**Counsel for Appellee:**
 **State of Louisiana**

**FITZGERALD, Judge.**

Defendant, Terrance Hudson, appeals his sentence for battery of a correctional-facility employee.

## PROCEDURAL HISTORY

In April 2020, a correctional-facility employee named Darnell Pickney engaged in a search of the television room in the Allen Correctional Center. During this search, Pickney discovered a cellphone charger behind a television. After removing the charger, he turned to leave the room when he was hit in the face multiple times by Defendant.

Thereafter, in May 2021, the State formally charged Defendant with one count of battery of a correctional-facility employee in violation of La.R.S. 14:34.5. A few weeks later, Defendant pleaded not guilty. And nine months after that, Defendant entered another plea of not guilty. Trial, in turn, was set for March 14, 2022.

On the day of trial, Defendant entered a change of plea of no contest, receiving—on the joint recommendation of the prosecution and defense counsel—five years to be served at hard labor without benefit of probation, parole, or suspension of sentence. The sentence was also ordered to run concurrently with two other sentences imposed on Defendant that day for other offenses, with all three sentences running consecutively to any time that Defendant was already serving.

Three weeks later, Defendant filed a motion to withdraw his plea of no contest. The trial court denied his motion, and this appeal followed.

On appeal, Defendant asserts one assignment of error: "The trial court erred in imposing a five year sentence for simple battery on a corrections officer, where

the offense did not cause serious injury, and the additional cases subject to a guilty plea were possession of prohibited contraband."[1]

## LAW AND ANALYSIS

**I.     Errors Patent**

Pursuant to La.Code Crim.P. art. 920, we find one error on the face of the record.

The sentencing statute for battery of a correctional-facility employee is La.R.S. 14:34.5(B)(2).  In relevant part, subsection (B)(2) states that the sentence "shall be consecutive to any other sentence imposed for violation of the provisions of any state criminal law."  Here, Defendant was sentenced to five years.  But that sentence was ordered to run concurrently with two other sentences.  In short, the sentence now on appeal is illegally lenient.

The authority to correct an illegally lenient sentence under La.Code Crim.P. art. 882 is discretionary.  And in this instance, though we note that the trial court imposed an illegally lenient sentence, we choose not to correct the sentence because the issue was not raised by the State. *See, e.g., State v. Brown*, 19-771 (La. 10/14/20), 302 So.3d 1109 (where the supreme court determined that the fourth circuit erred in vacating an illegally lenient sentence absent any complaint by the State).

**II.     Assignment of Error**

On appeal, Defendant asserts that his sentence is constitutionally excessive. The relevant sentencing statute, La.R.S. 14:34.5(B)(2), is reproduced as follows:

> If at the time of the commission of the offense the offender is under the jurisdiction and legal custody of the Department of Public Safety and Corrections, or is being detained in any jail, prison, correctional facility, juvenile institution, temporary holding center,

---

[1] Because Defendant has never filed a motion to reconsider sentence, he is seeking a review for bare excessiveness.

2

halfway house, or detention facility, the offender shall be fined not more than one thousand dollars and imprisoned with or without hard labor without benefit of parole, probation, or suspension of sentence for not less than one year nor more than five years. Such sentence shall be consecutive to any other sentence imposed for violation of the provisions of any state criminal law.

Defendant asserts that even though he pled no contest to benefit from the State's plea offer, there is nothing in the record suggesting that the plea agreement specified a term of five years without benefit of parole, probation, or suspension of sentence. Defendant further asserts that the nature of the harm to the victim was minimal, that the trial court took no evidence at sentencing, and that the trial court did not consider the sentencing guidelines, the background of Defendant's life, or any other information. And all this, according to Defendant, makes his sentence constitutionally excessive.

In response, the State points to La.Code Crim.P. art. 881.2(A)(2), which states that "[t]he defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea." Although the State argues that Defendant has waived his right to appeal this sentence, we are "not automatically precluded from reviewing a sentence unless the plea agreement provides a specific sentence or sentencing cap." *State v. Curtis*, 04-111, p. 2 (La.App. 3 Cir. 8/4/04), 880 So.2d 112, 114, *writ denied*, 04-2277 (La. 1/28/05), 893 So.2d 71 (citing *State v. Pickens*, 98-1443 (La.App. 3 Cir. 4/28/99), 741 So.2d 696, *writ denied*, 99-1577 (La. 11/5/99), 751 So.2d 232).

Here, the plea form that Defendant signed does not provide a specific sentence or sentencing cap; it only identifies the sentencing range established by La.R.S. 14:34.5(B)(2). But even still, the sentencing transcript shows that Defendant was fully aware that by entering a plea of no contest, he would receive a sentence of five

3

years without benefit of parole, probation, or suspension of sentence. For instance, the following verbal exchange occurred between Defendant (Terrance Hudson), defense counsel (Nicholas Algero), the State (represented by John Richardson), and the trial court.

THE COURT:

Okay. Do you understand that if you could get involved in programs that [are] helping you it shortens your time?

MR. HUDSON:

Yes, sir.

THE COURT:

Okay. Do you understand the maximum sentence that which you could be sentenced to is ten years - - let's see –

MR. ALGERO:

It is ten years for each of the contrabands - -

THE COURT:

On each of the charges, yeah.

MR. ALGERO:

And then five years, Your Honor, for the battery.

THE COURT:

Five years on the battery. Do you understand that?

MR. HUDSON:

Yes, sir.

THE COURT:

Anybody promised you anything to get you to plead guilty?

MR. HUDSON:

No, sir.

THE COURT:

Do you understand the charges against you?

MR. HUDSON:

Yes, sir.

THE COURT:

And having heard all these rights is your wish to waive these rights and enter a plea of guilty?

MR. ALGERO:

No contest, Your Honor.

MR. HUDSON:

No contest.

THE COURT:

No contest.  Okay.  All right. And are you pleading no contest to the charges because you acknowledge the charges?

MR. HUDSON:

Yes, sir.

Although the above exchange suggests that the trial court may have been thinking about the potential maximum sentence, the transcript continues:

THE COURT:

And the 14:34 - -

MR. ALGERO:

.5, I think.

MR. RICHARDSON:

14:34.5, correct.

THE COURT:

Uh huh.  All right.

MR. RICHARDSON:

And in each of these docket numbers it is Count 1 of the Bill of Information that he will be entering a plea to. And the State will dismiss the accompanying charges.

THE COURT:

Okay. All right. And in return you do understand that the DA's Office is not filing a multiple bill against you?

MR. HUDSON:

(No verbal response)

THE COURT:

Okay. All right. With that it is the sentence of the Court that you be remanded to the Department of Corrections on Docket Number 21-0629 - -

MR. RICHARDSON:

And Your Honor, in that matter that five years, per the statute is without benefits of probation, parole or suspension of sentence.

THE COURT:

Right. That sentence is five (5) years. 21-0704, 14:402, that sentence - -

MR. RICHARDSON:

One (1) year DOC.

THE COURT:

One (1) year DOC. And that is it.

MR. RICHARDSON:

0628.

THE COURT:

And 0628.

6

MR. ALGERO:

It is one (1) year DOC as well.

THE COURT:

One (1) year DOC also.

MR. RICHARDSON:

Each of those charges, Judge, will run concurrent with each other.

THE COURT:

Concurrent.

MR. RICHARDSON:

With each other, but consecutive to the time that he is presently serving.

THE COURT:

That is correct.

MR. RICHARDSON:

And finally, if Your Honor could put on the record that that five years in 2021-0629 is without benefit of probation, parole, or suspension of sentence.

THE COURT:

So ordered. All right. Mr. Hudson, is this your understanding?

MR. HUDSON:

Yes, sir.

THE COURT:

Okay. Do you have any other questions for me?

MR. HUDSON:

No, sir.

In the end, this was an agreed-upon sentence. Defendant understood that his plea of no contest to battery of a correctional-facility employee would bring him five years without benefit of probation, parole, or suspension of sentence; and that in exchange for his plea, the State would dismiss several additional charges and would refrain from filing a multiple bill against him. Defendant also acknowledged his understanding of the sentence.

And even though a specific sentence was not set forth in the plea form itself, it was verbally set forth in the record at the time of Defendant's plea, and the trial court imposed Defendant's sentence in conformity with it. Consequently, Defendant is now precluded from seeking review of his sentence. La.Code Crim.P. art. 881.2(A)(2); *State v. Young*, 96-195 (La. 10/15/96), 680 So.2d 1171.

## DISPOSITION

For the above reasons, Defendant's sentence is affirmed.

**AFFIRMED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2–16.3.