359 So.2d 160 (1978)
STATE of Louisiana
v.
Norman SMITH, Dale Deverney, Ben Wilson and Jeannie Collins.
No. 61276.
Supreme Court of Louisiana.
May 22, 1978.
*161 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise Korns, Howat A. Peters, Jr., Asst. Dist. Attys., for plaintiff-relator.
Jim Garrison, Tucker, Schonekas & Garrison, New Orleans, for defendant-respondent.
SUMMERS, Justice.
Ben Wilson, Jeannie Collins, Dale Deverney, and Norman J. Smith were jointly indicted by the Orleans Parish Grand Jury for possession with intent to distribute heroin, a controlled dangerous substance, a crime denounced by Section 966 of Title 40 of the Louisiana Revised Statutes.[1] Prior to trial, defendants filed motions to quash the indictment on the ground that trial of the offense charged would constitute double jeopardy. For written reasons assigned the trial judge quashed the indictment and ordered defendants discharged. Certiorari was granted on the State's application. 353 So.2d 1334 (La.1978).
Insofar as pertinent to the issue presented the facts are that on June 19, 1975 defendants were arrested by Orleans Parish police. Twelve ounces of heroin were seized. The Orleans Parish Grand Jury returned its indictment on June 26, 1975. Thereafter trial of the matter was continued on several occasions.
In the meantime, on September 28, 1976, defendants were indicted by the federal grand jury for the Eastern District of Louisiana charging them with conspiracy to possess with intent to distribute heroin, a crime denounced in Sections 841(a)(1) and 846 of Title 21 of the United States Code.[2] These *162 charges are based upon the identical facts relied upon by the State to support its charges. In the federal trial on January 7, 1977 Collins pled guilty as charged and testified for the Government; Wilson and Smith were convicted, and the charges against Deverney were dismissed.
On February 4 and 7, 1977, defendants filed motions to quash alleging that trial on the State charges would constitute double jeopardy. The indictments were quashed on November 22, 1977 and, on the State's December 22, 1977 application, certiorari was granted April 21, 1978.
The Fifth Amendment to the United States Constitution guarantees that "no person . . . shall . . . be subject for the same offense to be twice put in jeopardy of life or limb . . . ." By its decision in Benton v. Maryland, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969), the Supreme Court of the United States announced that the double jeopardy provisions of the Fifth Amendment to the United States Constitution were applicable to the states.
Louisiana's Constitution also provides that "No person shall be twice placed in jeopardy for the same offense, except on his application for a new trial, when a mistrial is declared, or when a motion in arrest of judgment is sustained." La.Const. art. I, § 15. Article 591 of the Code of Criminal Procedure is to the same effect. In addition, Article 597 of the Code declares that "Double jeopardy does not apply to a prosecution under a law enacted by the Louisiana Legislature if the prior jeopardy was in a prosecution under the laws of another state or the United States."
Whether the double jeopardy guarantees of the Federal and State Constitutions bar a subsequent state prosecution for an offense arising out of identical facts which were the subject of a prior federal prosecution is a question which has been decided by the United States Supreme Court as well as by this court. In Bartkus v. Illinois, 359 U.S. 121, 79 S.Ct. 676, 3 L.Ed.2d 684 (1959), the United States Supreme Court ruled that the subsequent trial of a defendant in state court after he had previously been acquitted on federal charges for the same offense did not deprive him of due process of law under the fourteenth amendment to the United States Constitution.[3] Similarly, in Abbate v. United States, 359 U.S. 187, 79 S.Ct. 666, 3 L.Ed.2d 729 (1959), the Court held that a subsequent federal prosecution on the same charge for which a defendant had been convicted in state court did not place the defendant twice in jeopardy for the same offense under the fifth amendment. The principle enunciated in these cases is that successive prosecutions by different sovereignties do not violate the double jeopardy clause of the fifth amendment and, therefore, are constitutionally permissible.
The United States Supreme Court again examined the concept of dual sovereignty in relation to the double jeopardy clause in Waller v. Florida, 397 U.S. 387, 90 S.Ct. 1184, 25 L.Ed.2d 435 (1970), wherein it was held that a conviction for violation of a municipal ordinance barred a subsequent prosecution in state court for the same offense. The Court reasoned that municipalities and states are not distinct sovereign entities but rather the cities are subordinate governmental instrumentalities created by the state to assist in the carrying out of state governmental functions. The judicial power to try a defendant under municipal and state law springs from the same organic law. Hence, a subsequent state prosecution was barred under the double jeopardy clause by a prior municipal conviction. In so ruling, the Court analogized the relationship existing between municipalities and the state to that existing between the territories and the federal government.
*163 The Court expressly recognized that, because the state does not derive its power from the federal government, the federal government and the state are distinct sovereign entities. Hence, successive prosecutions by these different sovereignties do not violate the double jeopardy clause. In view of the rationale adopted in Waller, Bartkus and Abbate are of continuing validity. The principles announced in these decisions have been codified in Article 597 of the Criminal Code.
In recent decisions this Court has adhered to the principle developed in the federal decisions by holding that, under the doctrine of double jeopardy, a subsequent prosecution by a different sovereign is constitutionally permissible under both Federal and State Constitutions. State v. Forbes, 348 So.2d 983 (La.1977); State v. de la Beckwith, 344 So.2d 360 (La.1977). Applying this principle to the instant case, the subsequent state prosecution of these defendants on a similar charge for which they were previously prosecuted in federal court did not place them twice in jeopardy for the same offense under the Federal and State Constitutions. Hence, the trial judge erred in granting defendants' motions to quash the indictment on the ground of former jeopardy.
Furthermore, the state prosecution is not barred by collateral estoppel. The doctrine of collateral estoppel simply means that, when an issue of ultimate fact has been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit. The doctrine is embodied in the double jeopardy guarantee of the fifth amendment. Ashe v. Swenson, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970). Since the first prosecution was in federal court, identity of parties, an essential requirement of collateral estoppel is lacking. State v. de la Beckwith, supra.
For the reasons assigned, the judgment of the trial court quashing the indictments is reversed and set aside, and the case is remanded to the trial court to be proceeded with in accordance with law.
DIXON, J., dissents with reasons.
CALOGERO, J., dissents.
DIXON, Justice (dissenting).
I respectfully dissent.
All the reasons which support the prohibition against double jeopardy are applicable when a defendant is prosecuted in the state system and federal system for the same offense. Only the fiction of dual sovereignty supports the majority holding.
A genuine adherence to the constitutional guarantee against double jeopardy would prevent this dual prosecution. See Murphy v. Waterfront Commission, 378 U.S. 52, 84 S.Ct. 1594, 12 L.Ed.2d 678 (1964), where it was decided that when a witness in a state proceeding is forced to give testimony in the state proceeding (under a grant of immunity) which might incriminate him under federal law, that testimony cannot be used in a prosecution in the federal system.
NOTES
[1] La.Rev.Stat. 40:966 pertinently provides:

"Except as authorized by this part, it shall be unlawfull for any person knowingly or intentionally:
(1) To produce, manufacture, distribute or dispense or possess with intent to produce, manufacture, distribute, or dispense, a controlled dangerous substance [heroin] classified in Schedule I . . . ."
[2] 21 U.S.C. § 841(a)(1) provides:

"Except as authorized by this subchapter, it shall be unlawful for any person knowingly or intentionally
(1) to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance [heroin] . . . ." See § 812.
21 U.S.C. § 846 provides:
"Any person who attempts or conspires to commit any offense defined in this chapter is punishable by imprisonment or fine or both which may not exceed the maximum punishment prescribed for the offense, the commission of which was the object of the attempt or conspiracy."
[3] At the time Bartkus was decided, the proscription of double jeopardy contained in the fifth amendment was not applicable to the states. Hence, the decision was reached under the due process clause of the fourteenth amendment.