h ULYSSES GENE THIBODEAUX, Judge.
On March 31, 1998, the Defendant, Larry Phillips, was charged with one count of possession of cocaine in excess of four hundred grams, a violation of La.R.S. 40:967(F)(l)(c). On April 15, 1999, the Defendant pled guilty to a reduced charge of one count of possession of cocaine in excess of twenty-eight grams and not more than two hundred grams, a violation of La.R.S. 40:967(F)(1)(a), pursuant to a plea agreement.
On September 5, 2000, the Defendant was sentenced to thirty-five years at hard labor with credit for time served. His state sentence was ordered to run concurrent with the fifteen-year sentence he received for his plea in federal court to two counts of conspiracy to distribute crack cocaine. The Defendant’s federal violations and plea were based on facts identical to those in the state court proceedings.
He appeals his sentence on the basis of excessiveness. We reverse and remand for resentencing.

FACTS

On February 19, 1998, the Defendant was arrested in St. Martin Parish for having in his possession one thousand eight hundred eighty-four and three tenths grams of crack cocaine. The arrest was the result of a long term investigation of the Defendant by the Federal Bureau of Investigations, the United States Customs, the Drug Enforcement Administration, the state police, and the Lafayette Metro Narcotics Department.

\ .ISSUES

We shall consider the following issues:
1. whether the trial court erred by the imposition of an excessive sentence in contravention of Article 1, Section 20 of the Louisiana Constitution of 1974 in view of the circumstances of the case and the background of the defendant;
*469 2. whether the double prosecution by the United States of America and the State of Louisiana constitutes double jeopardy.

EXCESSIVENESS OF THE SENTENCE

Mr. Phillips argues that his sentence is unconstitutionally excessive. Generally, La.Code Crim.P. art. 881.1, requires a defendant to timely make or file a motion to reconsider his sentence prior to his appeal, or the defendant is precluded from raising an objection to the sentence on appeal or review. The record in this case does not indicate that the Defendant, Mr. Phillips, opposed his sentence in a written or oral motion to reconsider prior to filing this appeal; however, despite this procedural default, we will review the assignment of error in the interest of justice. Rule 1-3, Uniform Rules — Courts of Appeal. Furthermore, the Defendant’s guilty plea colloquy reveals he was not told of his right to appeal and, having been told by the court, expressly waived it. See State v. Pickens, 98-1443 (La.App. 3 Cir. 4/28/99); 741 So.2d 696, writ denied, 99-1577 (La.11/5/99); 751 So.2d 232.
Mr. Phillips was sentenced to thirty-five years at hard labor to run concurrent with his fifteen year federal sentence. The trial court sentenced him in accordance with La.R.S. 40:967. The statute provides in pertinent part:
|gF. Other penalties for possession. (1) Except as otherwise authorized in the Part:
(a) Any person who knowingly or intentionally possesses twenty-eight grams or more, but less than two hundred grams, of cocaine or a mixture or substance containing a detectable amount of cocaine or of its analogues as provided in Schedule 11(A)(4) of R.S. 40:964, shall be sentenced to serve a term of imprisonment at hard labor of not less than ten years, nor more than sixty years.... (c) Any person who knowingly or intentionally possesses four hundred grams or more of cocaine or of a mixture or substance containing a detectable amount of cocaine or of its analogues as provided in Schedule 11(A)(4) of R.S. 40:964, shall be sentenced to serve a term of imprisonment at hard labor of not less than thirty years, no more than sixty years....
Mr. Phillips was charged by bill of information with possession in excess of 400 grams of cocaine in violation of the provisions of La.R.S. 40:967(F)(l)(c). As a result of his cooperation with law enforcement officials in providing information that resulted in the prosecution of other criminals, he was offered a plea bargain. Mr. Phillips agreed to plead guilty to a lesser offense of possession of 28 grams but less than 200 grams of cocaine in accordance with La.R.S. 40:967(F)(l)(a) and was sentenced within the statutory guidelines for that offense.
The Louisiana Constitution, Article 1, Section 20 prohibits “cruel, excessive, or unusual punishment.” To find that this sentence is excessive, we must conclude that the penalty imposed is so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable | contribution to acceptable penal goals; therefore, it is nothing more than a needless imposition of pain and suffering. State v. Schmidt, 99-1412 (La.App. 3 Cir. 7/26/00); 771 So.2d 131, 157. Further, the trial court is given wide discretion in imposing a sentence, and a sentence that is imposed within the statutory limits will not be deemed excessive in the absence of manifest abuse of discretion. Id.
*470 We have previously held that factors such as the particular circumstances surrounding the commission of the crime, the offender’s personal history, prior criminal record, and the likelihood of recidivism or rehabilitation should be considered. After reviewing such illustrative factors, the court may conclude that the sentence imposed constitutes a clear abuse of the sentencing judge’s discretion. State v. Young, 532 So.2d 301 (La.App. 3 Cir.1988). We so conclude in this case.
Other than the federal court felony plea, the Defendant has no prior felonies. Additionally, an impressive cast of witnesses detailed the Defendant’s cooperation with federal authorities and his assistance with local law enforcement authorities.
Conrad Joseph Kirsch, a lieutenant in the Lafayette Parish Sheriffs office, testified that the Defendant was instrumental in solving two cases involving deputies transporting contraband into the Lafayette Parish Jail. The Defendant was also instrumental in clearing an armed robbery which the City of Breaux Bridge Police Department had been unsuccessful in resolving. Moreover, Mr. Phillips, the Defendant, was involved in Toastmaster, a drug prevention program in the Lafayette Parish Jail. Mr. Kirsch testified that he had never, in eighteen years of law | .¡enforcement, testified for a defendant. This Defendant had “been a great informational tool” and a “great help to law enforcement.”
Mr. Joseph Pisano, Jr., an FBI agent, explained that the Defendant’s cooperation was “extremely helpful” and his assistance played a “significant role” in getting convictions on fourteen codefendants in the federal indictment and that approximately twenty to forty other indictments are expected. Without Mr. Phillips’ cooperation, two major drug suppliers in Houston, Texas would not have been charged and convicted. Mr. Phillips was one of the most cooperative defendants encountered by Mr. Pisano and provided substantial information on drug cases, white collar crimes, bank robberies, and civil rights investigations.
Mr. Todd Clemons, the Assistant United States Attorney who handled Mr. Phillips’ federal court prosecution, testified that it was “very very rare” that anyone would cooperate to the extent undertaken by Mr. Phillips. In fact, the Defendant decided to cooperate without an attorney being involved. He provided information to federal authorities that they had “absolutely no knowledge about” and was “totally honest and forthcoming.” Because of his substantial cooperation, Mr. Clemons, as lead prosecutor in the federal prosecution, filed a “Motion for Departure in Recognition of Substantial Assistance of the Government.” This is a procedure which is not routinely undertaken by federal authorities. Mr. Clemons testified on behalf of the Defendant “without any hesitation or reservation.”
The trial court, nonetheless, observed that there was an undue risk that the Defendant would become involved in the same type of criminal activity without substantial imprisonment. The problem with this observation is that the record is | (¡devoid of any proof of the possibility or probability of recidivism by the Defendant. To the contrary, all of the proof contradicts this observation by the trial court. Despite the trial court’s additional observation that Mr. Phillips was a very large drug dealer, the court additionally observed that his cooperation had been “exceptional” and “outstanding.” After listening to the testimony, the trial court gave the Defendant the “benefit of [Defendant’s] obvious or indicated change in character.” Yet, the extension of this ben *471 efit did.not inure to the Defendant’s advantage with regard to this sentence. We think the thirty-five year sentence imposed by the trial court shocks our sense of justice. We, therefore, set the sentence aside and remand this matter for resen-tencing.
Louisiana Code of Criminal Procedure Article 881.4(A) allows an appellate court to give direction to the trial court concerning the proper sentence to impose. We feel that a sentence of ten to fifteen years to run concurrent with the fifteen year term imposed by the federal court would do substantial justice and would further the interest of our judicial system and law enforcement.

DOUBLE JEOPARDY

The Defendant argues that the State’s prosecution of charges under the Louisiana criminal statute constitutes double jeopardy because he was also prosecuted for similar violations under federal criminal law as a result of the same arrest.
The law governing the prosecution of charges in other jurisdictions is La. Code Crim.P. art. 597, which states:
17PoubIe jeopardy does not apply to a prosecution under a law enacted by the Louisiana Legislature if the prior jeopardy was in a prosecution under the laws of another state or the United States.
State v. Smith, 359 So.2d 160 (La.1978) held that the defendant was not subjected to double jeopardy in a case where he was indicted for possession with intent to distribute heroin under La.R.S. 40:966, after having been indicted for conspiracy to possess with intent to distribute heroin under 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 846.
In its analysis, the court stated:
In recent decisions this Court has adhered to the principle developed in the federal decisions by holding that, under the doctrine of double jeopardy, a subsequent prosecution by a different sovereign is constitutionally permissible under both Federal and State Constitutions. State v. Forbes, 348 So.2d 983 (La.1977); State v. de la Beckwith, 344 So.2d 360 (La.1977). Applying this principle to the instant case, the subsequent state prosecution of these defendants on a similar charge for which they were previously prosecuted in federal court did not place them twice in jeopardy for the same offense under the Federal and State Constitutions.
Id. at 163.
In the present case, on April 15, 1999, the Defendant pled guilty to possession of crack cocaine in excess of twenty-eight grams and not more than two hundred grams under La.R.S. 40:967(F)(l)(a). However, on April 12, 1999, the Defendant pled guilty to charges of conspiracy to distribute crack cocaine and forfeiture under 21 U.S.C. § 846 and 21 U.S.C. § 853.
Under La.Code Crim.P. art. 597 and State v. Smith, the prosecution of charges under both state and federal criminal statutes did not place the Defendant in [¿jeopardy of being prosecuted twice for the same crime. Accordingly, this assignment of error lacks merit.

DECREE

For the above reasons, the Defendant’s conviction is affirmed. However, we conclude that the Defendant’s sentence of thirty-five years is unconstitutionally excessive. We, therefore, vacate the Defendant’s sentence and remand to the trial court for resentencing consistent with the views expressed herein.
CONVICTION AFFIRMED; SENTENCE VACATED AND CASE RE *472 MANDED TO THE TRIAL COURT FOR RESENTENCING.
SAUNDERS, J., dissents finding no abuse of discretion.
APPLICATION FOR REHEARING
Before THIBODEAUX, COOKS and SAUNDERS, JJ.
Rehearing denied.