STATE OF LOUISIANA        *        NO. 2018-KA-0630

VERSUS        *

       **COURT OF APPEAL**

LARRY RUDOLPH        *

       **FOURTH CIRCUIT**

       *

       **STATE OF LOUISIANA**

* * * * * * *


APPEAL FROM
CRIMINAL DISTRICT COURT ORLEANS PARISH
NO. 525-354, SECTION "I"
Honorable Karen K. Herman, Judge
* * * * * *
**Judge Daniel L. Dysart**
* * * * * *
(Court composed of Judge Daniel L. Dysart, Judge Rosemary Ledet, Judge Tiffany
G. Chase)

LEDET, J. CONCURS WITH REASONS
CHASE, J., CONCURS FOR THE REASONS ASSIGNED BY JUDGE LEDET

Leon Cannizzaro
DISTRICT ATTORNEY
Donna Andrieu
CHIEF OF APPEALS
Irena Zajickova
ASSISTANT DISTRICT ATTORNEY
PARISH OF ORLEANS
619 S. White Street
New Orleans, LA 70119
       COUNSEL FOR APPELLEE/STATE OF LOUISIANA


Sarah O'Brien
Elizabeth Sgro
Orleans Public Defenders
2601 Tulane Avenue, Suite 700
New Orleans, LA 70119
       COUNSEL FOR DEFENDANT/APPELLANT


**VACATED AND REMANDED**

**JULY 29, 2020**

Defendant, Larry Rudolph, appeals his conviction of first degree robbery and his sentence to life imprisonment as a multiple offender.  In light of the ruling by the United States Supreme Court in *Ramos v. Louisiana*,  --- U.S. ----, 140 S. Ct. 1390 (2020), which held unconstitutional non-unanimous jury verdicts, we vacate Mr. Rudolph's conviction and sentence and remand this matter to the district court.  Because of this ruling, we address only one other of Mr. Rudolph's assignments of error.  We do not address the remaining assignments of error as they concern, and are limited to, issues arising within the context of Mr. Rudolph's trial.[1]

**FACTS AND PROCEDURAL HISTORY**

Mr. Rudolph was arrested on April 8, 2014 after an incident that date and was charged by bill of information dated June 29, 2015 with armed robbery with a firearm, a violation of La. R.S. 14:64.3; illegal possession of a firearm by a

---

[1] Those issues and assignments of error include the trial court's declaring three witnesses to be unavailable for trial and allowing their prior testimony to be introduced at trial; an alleged erroneous admission of other crimes evidence at trial; an alleged error by the trial court in allowing multiple felony convictions as predicates for the charge of possession of a firearm by a convicted felon; alleged misconduct by the State in its opening statement and in its closing statement; the trial court's alleged error in failing to grant Mr. Rudolph's motion for a mistrial; the trial court's alleged error in denying Mr. Rudolph's motion for a jury instruction on justification; the alleged excessiveness of Mr. Rudolph's sentence; and the alleged incompleteness of the record before this Court.

1

convicted felon, a violation of La. R.S. 14:95.1; and obstruction of justice, a violation of La. R.S. 14:130.1. Prior to the filing of this bill of information by the State, on June 26, 2014, Mr. Rudolph was indicted by a federal grand jury in the Eastern District of Louisiana for the federal crimes of carjacking, use of a firearm in the course of a crime of violence, and possession of a firearm by a convicted felon. Mr. Rudolph was tried in federal court on these charges, was found not guilty and by judgment dated June 22, 2015, was acquitted of these charges.

An amended bill of information was then filed against Mr. Rudolph on November 17, 2017, adding two additional predicate offenses relating to the charge of illegal possession of a firearm by a convicted felon.[2] Mr. Rudolph elected to be tried by a jury.

Prior to trial, Mr. Rudolph filed a Motion to Preclude the District Attorney's Office from Re-Prosecuting Acquitted Acts, which was heard by the district court on April 27, 2016, and denied. Mr. Rudolph sought review of this ruling by filing an application for a writ of supervisory review with this Court. The writ was denied. *State v. Rudolph*, 16-K-0548 (La. App. 4 Cir. 8/9/16) (*unpub.*). Review was likewise denied by the Louisiana Supreme Court. *State v. Rudolph,* 16-1550 (La. 5/19/17), 220 So.3d 748.

A jury trial took place from December 5-7, 2017. The jury returned a verdict of not guilty as to the charge of possession of a firearm by a convicted felon. As to the charge of armed robbery with a firearm, the jury, in a ten-to-two vote, found Mr. Rudolph guilty of the lesser included offense of first degree robbery, a violation of La. R.S. 14:64.1.

---

[2] On December 1, 2017, the State entered a *nolle prosequi* as to the obstruction of justice charge.

2

Mr. Rudolph filed a motion for new trial and motion for post-verdict judgment of acquittal, both of which were denied. The district court sentenced Mr. Rudolph to serve forty years at hard labor, without the benefit of parole, probation or suspension of sentence. The State then filed a multiple bill of information against Mr. Rudolph and, after a hearing on January 11, 2018, the district court found Mr. Rudolph to be a third felony offender, vacated his prior sentence and re-resentenced him to life imprisonment.

This appeal followed.

**DISCUSSION**

In his first assignment of error, Mr. Rudolph contends that the State should have been precluded from re-prosecuting Mr. Rudolph "for acquitted acts."

Mr. Rudolph re-urges his argument in this appeal that the state prosecution is barred on double jeopardy grounds. He further argues that the doctrine of collateral estoppel applies to this case.

Mr. Rudolph's contention that double jeopardy barred the State from the instant prosecution has no merit, as our jurisprudence is well-settled that a "defendant's acquittal [on] federal charges [does] not bar his prosecution for violation of state law," as a "prosecution by the state [does] not place defendant twice in jeopardy for the same offense." *State v. de la Beckwith*, 344 So.2d 360, 366 (La. 1977). The *Beckwith* Court, citing United States Supreme Court cases for this principle, explained:

> In *Bartkus v. Illinois*, 359 U.S. 121, 79 S.Ct. 676, 3 L.Ed.2d 684 (1959), the accused was tried and convicted of robbery of a federally-insured bank in the state court after he had been acquitted on federal charges for the same offense. The United States Supreme Court held that the subsequent trial of defendant in state court did not deprive him of due process of law under the fourteenth

3

amendment to the United States Constitution. Likewise, in *Abbate v. United States*, 359 U.S. 187, 79 S.Ct. 666, 3 L.Ed.2d 729 (1959), the Court held that a federal prosecution on the same charge on which the accused had been convicted in state court did not place the defendant twice in jeopardy for the same offense under the fifth amendment. Together, these cases "teach that successive prosecutions by Different sovereignties do not violate the double jeopardy clause of the Fifth Amendment and are therefore constitutionally permissible." *United States v. Jones*, 174 U.S.App.D.C. 34, 527 F.2d 817 (1975).

*Id*. at 366-76 (footnote omitted). *See also*, *State v. Smith*, 359 So.2d 160, 162 (La. 1978) (where the Court considered the issue of "[w]hether the double jeopardy guarantees of the Federal and State Constitutions bar a subsequent state prosecution for an offense arising out of identical facts which were the subject of a prior federal prosecution," concluding that it does not); *Heath v. Alabama*, 474 U.S. 82, 92, 106 S.Ct. 433, 439, (1985) (the Supreme "Court has plainly and repeatedly stated that two identical offenses are not the 'same offence' within the meaning of the Double Jeopardy Clause if they are prosecuted by different sovereigns.").

This Court, too, has held that "a state prosecution following a federal prosecution for criminal acts arising from the same transaction does not place the defendant in double jeopardy in violation of his constitutional rights since the federal and state governments are separate sovereigns, each of which may subject the defendant to punishment for an infraction of its own laws." *State v. LeCompte*, 441 So. 2d 249, 259 (La. App. 4 Cir. 1983). *See also*, *State v. Camps*, 476 So.2d 864, 867 (La. App. 2 Cir. 1985)("both the United States Supreme Court and the Louisiana Supreme Court have squarely held that successive federal and state prosecutions do not violate the federal or state constitutional prohibitions against double jeopardy."); *Smith*, 359 So.2d at 163 ("the subsequent state prosecution of

these defendants on a similar charge for which they were previously prosecuted in federal court did not place them twice in jeopardy for the same offense under the Federal and State Constitutions.").

Mr. Rudolph contends in this case that, while the prosecution by the federal government and the State were "technically brought in separate sovereigns," an exception applies in this case, for which collateral estoppel applies. He maintains that there was a joint task force between the State and the federal authorities, as evidenced by a Memorandum of Understanding, which "demonstrate[s] that this special assignment involved significant supervision of federal prosecutions by the [Orleans Parish District Attorney's] office/agents." He argues that the case was prosecuted in the district court by "an Assistant District attorney who was 'cross designated as a Special Assistant U.S. Attorney (SAUSA)' through a coordinated agreement with federal agencies to unify state and federal efforts in prosecuting high profile street violence in New Orleans." Thus, he argues, the "unique facts" of this case, "with a current [Orleans Parish District Attorney] employee and [ADA][sic], under the [Orleans Parish District Attorney] supervision and payroll, actually *trying* this case in federal court, and then sending it back home for *another* shot from his office when he failed to convict[,] make out such an exceptional level of collusion and integration that it triggers the protections and efficiencies of preclusion doctrine." (Emphasis supplied).

We note, at the outset, that there is nothing in the record that supports Mr. Rudolph's argument that the prosecutor of the case on appeal also prosecuted the federal charges in federal court. Even assuming this had been the case, we find that the doctrine of collateral estoppel does not apply. As the Supreme Court noted in *Smith*, "[t]he doctrine of collateral estoppel simply means that, when an issue of

5

ultimate fact has been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." *Smith*, 359 So.2d at 163. Citing *Ashe v. Swen*son, 397 U.S. 436, 90 S.Ct. 1189 (1970), the Court noted that "[t]he doctrine [of collateral estoppel] is embodied in the double jeopardy guarantee of the fifth amendment. . . . Since the first prosecution was in federal court, identity of parties, an essential requirement of collateral estoppel is lacking." *Id. See also*, *LeCompte*, 441 So.2d at 259.

Nor are we persuaded that the state prosecution was spurious, as Mr. Rudolph's argument suggests. The United State Supreme Court, in *Bartkus*, 359 U.S. at 123-24, 79 S. Ct. at 678 considered and rejected such a contention:

> The record establishes that the prosecution was undertaken by state prosecuting officials within their discretionary responsibility and on the basis of evidence that conduct contrary to the penal code of Illinois had occurred within their jurisdiction. It establishes also that federal officials acted in cooperation with state authorities, as is the conventional practice between the two sets of prosecutors throughout the country. It does not support the claim that the State of Illinois in bringing its prosecution was merely a tool of the federal authorities, who thereby avoided the prohibition of the Fifth Amendment against a retrial of a federal prosecution after an acquittal. It does not sustain a conclusion that the state prosecution was a sham and a cover for a federal prosecution, and thereby in essential fact another federal prosecution.

(Footnote omitted).

In this case, there is clearly no identity of parties which would support a finding that the doctrine of collateral estoppel barred the state prosecution of Mr. Rudolph. Nor is there sufficient evidence in the record that either the State or the federal prosecutions were influenced, overseen or otherwise controlled by the other sovereign. This assignment of error is without merit.

We do, however, find merit to Mr. Rudolph's assignments of error number 17 and 18; namely, that "Mr. Rudolph's non-unanimous verdict violated his Sixth Amendment jury trial guarantee as incorporated by the Fourteenth Amendment Due Process Clause" and that "Mr. Rudolph's non-unanimous verdict violated his Fourteenth Amendment right to equal protection."

At the time of Mr. Rudolph's arrest and trial, La. C.Cr. P. art. 782 A provided that "[c]ases in which punishment is necessarily confinement at hard labor shall be tried by a jury composed of twelve jurors, ten of whom must concur to render a verdict." The constitutionality of this provision had previously been upheld by the courts of the State. *See*, *e.g*., *State v. Bertrand*, 08-2215 (La. 3/17/09), 6 So.3d 738, 739. In 2018, after a proposed constitutional amendment was adopted at a statewide election, La. C.Cr.P. art. 782 A was amended to provide that "[a] case for an offense committed on or after January 1, 2019, in which the punishment is necessarily confinement at hard labor shall be tried before a jury of twelve persons, all of whom must concur to render a verdict."

During the pendency of Mr. Rudolph's appeal, the United States Supreme Court granted a writ of certiorari in *Ramos* to consider whether the Sixth Amendment right to a jury trial requires a unanimous verdict to convict a defendant of a serious offense. The Supreme Court, noting that, "if the Sixth Amendment's right to a jury trial requires a unanimous verdict to support a conviction in federal court, it requires no less in state court," held that non-unanimous jury verdicts violate the Sixth Amendment. *Ramos*, --- U.S. at -----, 140 S. Ct. at 1397.

Accordingly, in conformity with *Ramos* and recent decisions of this Court and others, we vacate Mr. Rudolph's conviction and sentence and remand this

matter to the district court. *See*, *e.g.*, *State v. Alridge*, 17-0231 (La. App. 4 Cir. 6/3/20). --- So.3d. ----. ----, 2020 WL 2897370, * 1-2 ("Following the opinion in *Ramos v. Louisiana* . . . Defendant's conviction and sentence are vacated and the case is remanded to the district court."); *State v. Donovan*, 19-0722 (La. App. 4 Cir. 5/27/20) --- So.3d ----, ----, 2020 WL 2752201, * 3 ("[t]he *Ramos* holding applies in this case and invalidates the defendant's conviction by a non-unanimous jury verdict."); *State v. Morehead*, 53,465 (La. App. 2 Cir. 6/10/20), --- So.3d ----, ----. 2020 WL 1932943, *9 ("Applying the ruling in *Ramos*, we now reverse the defendant's conviction, vacate her sentence, and remand this matter to the district court.").

**CONCLUSION**

For the reasons set forth herein, Mr. Rudolph's conviction and sentence are vacated and this matter is remanded the district court for further proceedings.

**VACATED AND REMANDED**